OPINION OF THE COURT
De Forest C. Pitt, J.
Before this court is a motion brought on by an order to show cause for a preliminary injunction as well as a final determination of a CPLR article 78 proceeding and an action for a declaratory judgment pursuant to article 7-A of the State Finance Law and CPLR 3001. Respondents have raised the objection that the only issue discussed at oral argument before the signing of the order to show cause was the preliminary injunction. However, the order to show cause specifically states that respondents shall show cause why a declaratory judgment shall not be entered and why an order pursuant to CPLR article 78 should not be granted on the return date of January 26, 1979, as well as the issue of a preliminary injunction. Both the final determination and the preliminary injunction are therefore, at least initially, before the court.
Respondents have cross-moved for an order striking the note of issue and statement of readiness filed by the petitioners and for judgment dismissing the petition upon the grounds that the petition fails to state a cause of action in that the requirement of section 205 of the State Administrative Procedure Act, which constitutes a condition precedent to judicial review of rules under CPLR article 78, has not been complied with; that the petition fails to state a cause of action pursuant to ECL article 8 and petitioners lack standing to sue under said ECL article 8, the State Environmental Quality Review Act; that the petition fails to state a cause of action pursuant to article 7-A of the State Finance Law; that the petition fails to state a cause of action against respondent, State of New York; and that the petition fails to state a cause of action against respondent, Robert Abrams, Attorney-General of the State of New York. Since the cross motion would necessarily affect the outcome of the primary motion it will be dealt with first.
Respondents have cross-moved to strike the note of issue insofar as it notices petitioners’ action for a declaratory judgment pursuant to article 7-A of the State Finance Law and petitioners’ proceeding for a judgment under CPLR article 78 for a hearing at a Special Term of this court held on January 26, 1979. As stated above, the order to show cause clearly *1048 states that these issues be the subject of the hearing as well as the motion for a preliminary injunction. CPLR 7804 (subd [c]) does not provide a specific time period in which to serve an answer to a petition. Rather it provides that if notice of petition is served upon the adverse party at least 20 days before the time at which the petition is noticed to be heard, the answer shall be served at least five days before the noticed date. The instant proceeding was brought on by an order to show cause which was served upon respondents 11 days before the proceeding was to be heard. Under such circumstances, an answer should have been served on or before the return date, as the order to show cause did not provide a different time for service of the answer. Section 123-c of the State Finance Law provides for an accelerated proceeding in citizen-taxpayer actions. Such actions must be brought on by an order to show cause. However, there is no specific provision for the time to answer in the statute or in the order to show cause served in the instant proceeding. An answer should have been served on or before the return date for final determination. The note of issue was therefore proper and should not be stricken.
Respondents have also cross-moved for an order striking the statement of readiness. The statement of readiness is required for Trial Term practice. Since the instant action and proceeding were brought on at Special Term, the statement of readiness is improper and should be stricken.
Respondents’ cross motion to dismiss on the ground that petitioners have not fulfilled the requirements of section 205 of the State Administrative Procedure Act is totally improper. Section 205 of the State Administrative Procedure Act does not apply to the instant proceeding. Section 205 provides "[s]uch a special proceeding or action may not be maintained unless * * * the agency has not provided for the issuance of such declaratory rulings under section two hundred four.” The State Energy Office has not provided for declaratory rulings pursuant to section 204 of the State Administrative Procedure Act. That portion of the cross motion must therefore be denied.
Respondents have cross-moved to dismiss that portion of the petition which seeks declaratory judgment pursuant to article 7-A of the State Finance Law on the ground that the petition fails to state a cause of action under article 7-A. Initially it is to be noted that the citizen-taxpayer action is applicable to wrongful expenditures or misapplication of State *1049 funds. All funds expended in the drafting, implementation, and enforcement of the new State Energy Conservation Construction Code are from Federal grants. Article 7-A therefore does not apply. However, there is an even more fatal flaw in petitioners’ action. Petitioners seek to challenge an administrative action made under a proper delegation of power by the New York State Legislature on the ground that one aspect of agency action was allegedly arbitrary, capricious and contrary to law; the agency’s failure to file an environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8). Petitioners allege that the respondents are therefore making illegal disbursement of funds by mailing copies of the new code, and by taking steps to implement and enforce the code. Such a novel construction of article 7-A of the State Finance Law would totally negate the concepts of standing in all proceedings to challenge any agency action. Money is invariably spent, even in the notification of the parties of an agency determination which is alleged to be improper as a matter of law. Any citizen-taxpayer could challenge any agency action. Such a statutory construction could not have been intended by the Legislature. Respondents’ motion to dismiss that portion of the petition which seeks a declaratory judgment pursuant to article 7-A of the State Finance Law must therefore be granted in all respects.
Respondents have also moved to dismiss that portion of the petition which seeks CPLR article 78 review of the determination of James L. Larocca, Commissioner of the New York State Energy Office, to issue a negative declaration under the State Environmental Quality Review Act on the ground that the petition fails to state a cause of action and that the petitioners do not have standing under the State Environmental Quality Review Act. It is to be noted that the petition fails to allege any injury to petitioners as a result of respondent’s determination. However, under liberal pleading practice, and in the interests of judicial economy, the supporting affidavits submitted by the petitioners which allege economic harm to petitioners shall be dealt with as a part of the petition. In order to establish standing, the petitioners must show that they have suffered an actual injury and show that such injury comes within the zone of interests to be protected by the statute in question. The State Environmental Quality Review Act was enacted in order to preserve and protect the environment for the people of the State of New York. Environmental *1050 harm, if alleged, would come within the zone of interests. If economic injury, as alleged in the affidavits submitted by the petitioners, was within the zone of interests to be protected by this statute and was sufficient to confer standing to contest agency actions under the State Environmental Quality Review Act, the result would be harmful delay in administrative actions which seek to enhance and protect the environment and the health and safety of the people of the State of New York. Such a construction would negate the purposes of the State Environmental Quality Review Act. Economic injury therefore is not within the zone of interests and cannot serve as a basis for standing under the State Environmental Quality Review Act.
The petitioners cannot be heard to say that this construction denies to the public the right to challenge an agency determination to issue a negative declaration of environmental impact. Anyone who can show an adverse environmental impact causing him or her injury as a result of agency action would have standing to bring an action to review such agency action. That portion of the petition which seeks a review of the respondent’s determination to issue a negative declaration must therefore be dismissed in all respects.
The petition also seeks review of the State Energy Conservation Construction Code (9 NYCRR 7810.1 et seq.) pursuant to CPLR article 78 on the ground that the code promulgated by the State Energy Office exceeds its enabling legislation. The petition alleges that a 90-day period between promulgation of the code and its effective date was not provided for as required by the enabling legislation, that the code is not equivalent to the Public Service Commission opinions as required by the enabling legislation, and that there was no certification of cost effectiveness made by the State Energy Office as required by the enabling legislation. Respondents have not specifically moved to dismiss these portions of the petition. However, because these issues have been argued extensively by both petitioners and respondents, in the interest of judicial economy, the court on its own motion will dismiss these portions of the petition for failure to state a cause of action.
The petitioners argue that the enabling legislation, section 11-103 of the State Energy Law, requires a 90-day period between the adoption of rules and regulations constituting an Energy Conservation Construction Code and their effective *1051 date. Section 11-103 of the State Energy Law provides that the commissioner shall adopt such rules and regulations on or before July 1, 1978 and that such code shall become effective on October 1, 1978. This does not in any way require a 90-day period between promulgation and the effective date of the code. It does, at most, evince an intent of the Legislature to make the code available for familiarization for a period of time before its effective date. The first draft of the code was made available in July of 1978. A second draft was made available in September of 1978. Only minor changes were made between these drafts and the final code which was promulgated on December 29, 1978. The period for familiarization extended to almost six months. This was well in excess of that provided for by the State Energy Law.
Section 11-103 of the State Energy Law also requires that the new Energy Conservation Construction Code be equivalent to the requirements set forth in the Public Service Commission opinions, PSC 76-16(C) dated May 15, and 16, 1977. Upon consideration of the State Energy Conservation Construction Code and the Public Service Commission opinions, it is determined that the State Energy Conservation Construction Code is equivalent to the PSC opinions.
Section 11-103 of the State Energy Law also provides that the commissioner is authorized to propose amendments to the code providing that the code remains cost effective. "The code shall be deemed cost effective if the cost of material and their installation to meet its standard would be equal to or less than the present value of energy savings that could be expected over a ten year period in the building in which such materials are installed”. (Energy Law, § 11-103, subd 2.) This statute in no way requires the commissioner to certify that the code itself is cost effective. This language only applies to proposed amendments to the code.
Those portions of the petition seeking review on the ground that the code exceeds the enabling legislation therefore fail to state a cause of action as well and must be dismissed.
Respondents’ cross motion to strike the note of issue is granted. The motion to strike the statement of readiness is granted. The motion to dismiss the petition on the ground that it fails to state a cause of action is granted in all respects. Petitioners’ motion for a preliminary injunction is academic since the petition has been dismissed in all respects.