■ INCORPORATED VILLAGE OF NEW HYDE PARK, by Its Board of Trustees, Appellant-Respondent, v NICOLA NUZZI et al., Respondents-Appellants.—In an action for a permanent injunction prohibiting the defendants from continuing to violate the Zoning Ordinance of the Village of New Hyde Park, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 5, 1987, as denied its motion to dismiss the first four affirmative defenses asserted by the defendants, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from by the plaintiff, the plaintiff's motion is granted and the four affirmative defenses asserted by the defendants are dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants in this case seek to avoid compliance with the provisions of the Zoning Ordinance of the Village of New

Hyde Park by claiming that the ordinance was never properly enacted into law. This claim is based on the fact that the minutes of the meeting of the Board of Trustees of the Village of New Hyde Park, held March 6, 1928, do not indicate which Trustees, if any, voted to adopt the proposed ordinance. However, the minutes of that meeting do include a notation that the zoning report was read, and the former Village Attorney, Marcus Christ, submitted an affidavit based on personal knowledge, attesting to the fact that as of March 6, 1928, all of the Village Trustees were in favor of adoption of the ordinance. Moreover, any conceivable irregularity which might have existed with respect to the adoption of this ordinance, or of similar village zoning ordinances, has been cured by subsequent legislative enactment (see, L 1984, ch 721).

We therefore conclude that the Supreme Court should have granted the plaintiff's motion to dismiss those affirmative defenses asserted by the defendants which were based upon the supposed invalidity of the Zoning Ordinance of the Village of New Hyde Park. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.