In the Matter of CHARLES P. McCARTNEY, Appellant, v INCORPORATED VILLAGE OF EAST WILLISTON, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Village of East Williston dated September 16, 1987, which denied the petitioner's application for an area variance, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Morrison, J.), entered February 11, 1988, which, upon granting the respondent's motion to dismiss the petition as time barred, dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision that the dismissal is without prejudice to commencement of such action or proceeding against the Zoning Board of Appeals of the Village of East Williston as the petitioner deems advisable; as so modified, the order and judgment is affirmed, without costs or disbursements.

Inasmuch as the Zoning Board of Appeals of the Village of East Williston was not made a party to this proceeding, the Supreme Court was without jurisdiction to grant the relief requested by the petitioner *(see, Phillips v Village of Oriskany,* 57 AD2d 110, 113). The petition was, therefore, properly dismissed. We note, however, that Supreme Court improperly

determined that the petitioner is precluded by the applicable Statute of Limitations *(see,* Village Law § 7-712 [3]) from seeking judicial review of the denial of his area variance application.

Although the petitioner was advised that the Zoning Board of Appeals denied his application for an area variance, there is no indication in the record before us that minutes were taken which reflect each member's vote thereon and that the Zoning Board of Appeals formally acted as a body *(see,* Village Law § 7-712 [1]; *Matter of Stanley v Board of Appeals,* 168 Misc 797; *cf., Matter of De Bellis v Luney,* 128 AD2d 778). Accordingly, the petitioner may be entitled to seek judicial review of the denial of his variance application in accordance with Village Law § 7-712 (3). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.