■ In the Matter of A & M BROTHERS, INC., Appellant, v ROBERT WALLER et al., Constituting the Zoning Board of Appeals of the Town of Dover, Respondents. (Matter No. 1.) TOWN OF DOVER, Respondent, v A & M BROTHERS, INC., Sued Herein as A & M CARTING, INC., Appellant. (Matter No. 2.)— In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Zoning Board of Appeals of the Town of Dover, dated May 18, 1988, which held that the petitioner's parking of trucks on the premises in question did not constitute a continuation of a prior nonconforming use, and action for a judgment declaring that Local Laws, 1978, No. 6 of the Town of Dover is invalid for lack of compliance with the requirements of the New York State Environmental Quality Review Act (ECL art 8) in its enactment, which was consolidated with an action by the Town of Dover, *inter alia*, to enjoin A & M Brothers, Inc. from using various properties in the town as garbage transfer stations without acquiring required permits, A & M Brothers, Inc. appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Dutchess County (Hillery, J.), entered December 20, 1988, which, *inter alia*, (1) denied its cross motion for summary judgment, and, upon searching the record, granted the Town of Dover and members of the Zoning Board of Appeals of the Town of Dover summary judgment, (2) permanently enjoined the appellant from using any properties located in the Town of Dover for the transfer of refuse from truck to truck, finding that those activities constitute the operation of a "solid waste

management facility" without a permit as required by 6 NYCRR part 360, (3) declared that Local Laws, 1978, No. 6 of the Town of Dover was not an "initial" enactment of a comprehensive zoning ordinance which would require the preparation of an environmental impact statement (6 NYCRR 617.12 [a], [b] [1], [3]), and therefore was not invalid, and (4) confirmed the determination of the Zoning Board of Appeals of the Town of Dover dated May 18, 1988.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

We reject the appellant's claim that Local Laws, 1978, No. 6 of the Town of Dover is invalid for failure to fully comply with the New York State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), but for a reason different from that set forth by the Supreme Court, Dutchess County. Although the general rule is that relief pursuant to CPLR article 78 is unavailable to challenge the validity of legislation such as a zoning ordinance (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193), a challenge to the procedures followed in the enactment of such legislation is maintainable in a proceeding pursuant to CPLR article 78 (see, Matter of Save the Pine Bush v City of Albany, supra) and the four-month Statute of Limitations is applicable (CPLR 217). Therefore, the appellant's challenge to Local Laws, 1978, No. 6 of the Town of Dover for an alleged failure to follow the procedural requirements of the SEQRA in its enactment is time barred (see, CPLR 217; Matter of Save the Pine Bush v City of Albany, supra, at 202-203).

We note that the courts may invoke a different Statute of Limitations where a party has standing under SEQRA. However, the appellant does not have such standing. "In order to establish standing, the petitioners must show that they have suffered an actual injury and show that such injury comes within the zone of interests to be protected by the statute in question. [SEQRA] was enacted in order to preserve and protect the environment for the people of the State of New York" (Matter of New York State Bldrs. Assn. v State of New York, 98 Misc 2d 1045, 1049; see also, Weinberg, Practice Commentary, McKinney's Cons Laws of NY, Book 17½, ECL C8-0109:6, at 79). Here, the appellant is merely attempting to circumvent SEQRA and the regulations promulgated thereunder and to frustrate the spirit of the statute. Clearly, our reading of the ECL and the regulations promulgated thereunder shows that the use of the Dover Elementary School and the J.H. Ketchum Fire Department premises to shift garbage

from satellite trucks to compactor trucks constitutes the operation of solid waste management facilities (ECL 27-0707; 6 NYCRR part 360).

We also note that a zoning board of appeals is not constrained by the rules of evidence and is not limited to a consideration of the testimony and exhibits presented to it at the public hearing *(see, Matter of Von Kohorn v Morrell,* 9 NY2d 27, 32; *Matter of Holy Spirit Assn. v Rosenfeld,* 91 AD2d 190, 201).

In view of our determination, we need not address the appellant's remaining contentions. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.