■ In the Matter of OLD DOCK ASSOCIATES, Appellant, v CHARLES B. SULLIVAN et al., Constituting the Planning Board of the Town of Brookhaven, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a

determination of the respondent Planning Board of the Town of Brookhaven, dated June 13, 1988, which approved a site plan for premises denominated "Regency Oaks", the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Mullen, J.), dated October 7, 1988, which dismissed the proceeding.

Ordered that the order and judgment (one paper) is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination of the respondent Planning Board of the Town of Brookhaven, dated June 13, 1988, is annulled, and the matter is remitted to the respondent Planning Board of the Town of Brookhaven for further proceedings consistent herewith.

The respondent Route 347 Corp. (hereinafter Route 347) is the owner of a tract of land in Yaphank, in the Town of Brookhaven, which fronts on two county roads. Route 347 submitted a residential site plan for this tract of land, to be known as Regency Oaks, to the respondent Planning Board of the Town of Brookhaven (hereinafter Town Planning Board) for approval. In connection with this application, Route 347 applied by certificate of abandonment, pursuant to Real Property Law § 335, for the abandonment of certain lots, and streets, including Walker Avenue, a paper street, shown on various maps filed in the late 19th century. Route 347's certificate of abandonment was approved by the respondent Malaussena—the Assessor for the Town of Brookhaven, and by the respondent Malkmes—the Superintendent of Highways of the Town of Brookhaven, on or about March 24, 1988, and April 24, 1988, respectively. Thereafter, Route 347's certificate of abandonment was approved by the respondent Kinsella—the Clerk of Suffolk County, whereupon it was filed and recorded with the Office of the County Clerk of Suffolk, on May 17, 1988. On June 13, 1988, the Town Planning Board approved Route 347's site plan, pursuant to Town Law § 274-a.

The petitioner commenced the instant CPLR article 78 proceeding alleging, inter alia, that (1) it had a property interest in Walker Avenue, and that pursuant to Real Property Law § 335, its written consent, which had not been obtained, was necessary before the certificate of abandonment could become effective, and (2) the determination of the Town Planning Board approving Route 347's site plan was invalid, since the Town Planning Board had never submitted the "site plan to the Suffolk County Planning Commission for its consideration prior to acting upon it".

The Supreme Court dismissed the proceeding.

We note at the outset that the petitioner failed to raise the issue of its alleged property interest in Walker Avenue at the hearing before the Town Planning Board. Accordingly, this issue was not preserved for judicial review *(see generally, Matter of North Ridge Enters. v Town of Westfield,* 87 AD2d 985, *affd* 57 NY2d 906; *see also, Matter of Frampton v Zoning Bd. of Appeals,* 114 AD2d 670). In any event, there is no substantive merit to the petitioner's contention that it had a property interest, either by easement or fee ownership, in Walker Avenue. Indeed, all of the evidence presented, including the petitioner's own deed to its property and the search conducted by its own title company, indicates to the contrary.

However, the failure of the Town Planning Board to submit Route 347's site plan to the Suffolk County Planning Commission, presents a more serious problem. Pursuant to General Municipal Law § 239-m, it was incumbent upon the Town Planning Board to refer Route 347's site plan to the Suffolk County Planning Commission, before it took final action *(see, Matter of Zagoreos v Conklin,* 109 AD2d 281, 298). Since the Town Planning Board failed to comply with this "legislative mandate" which is "jurisdictional" in nature, *(see, Matter of Weinstein v Nicosia,* 32 Misc 2d 246, 249, *affd* 18 AD2d 881), the action of the Town Planning Board in approving Route 347's site plan was of no effect *(Matter of Weinstein v Nicosia, supra,* at 250).

Accordingly, the petition is granted to the extent that the determination of the Town Planning Board dated June 13, 1988, is annulled, and the matter is remitted to the Town Planning Board for further proceedings. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.