■ In the Matter of JAMES D. BURCHETTA et al., Respondents-Appellants, v TOWN BOARD OF THE TOWN OF CARMEL et al., Appellants-Respondents.—In an action for a judgment declaring Local Law No. 3 of 1987 of the Town of Carmel invalid, originally denominated a proceeding pursuant to CPLR article 78, the Town Board of the Town of Carmel and the Town of Carmel appeal from a judgment of the Supreme

Court, Putnam County (Braatz, J.), dated February 1, 1989, which declared the local law invalid for failure to comply with General Municipal Law § 239-m, and the petitioners appeal, as limited by their brief, from stated portions of an order of the same court, dated July 16, 1988, which, upon converting their proceeding pursuant to CPLR article 78 to a declaratory judgment action, held that the local law was not rendered invalid by reason of several other grounds raised by the petitioners.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that so much of the decision and order of this court, dated November 21, 1989, as directed a hearing on that branch of the motion of the appellants-respondents which was to dismiss the appeal from the order dated July 16, 1988, upon the ground that the notice of appeal was not timely served or filed, is vacated, and that branch of the motion is denied as academic.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The town argues that the court incorrectly found the local law invalid on the ground that it should have been referred to the County Planning Commission for review pursuant to General Municipal Law § 239-m. We disagree.

General Municipal Law § 239-m essentially requires that all zoning actions and amendments affecting real property that is within 500 feet from the boundary of any city, village, town, or existing or proposed county or State park or road, be referred to the County Planning Commission for review. Contrary to the town's contention, there is no difficulty in determining whether the challenged law is the type of enactment subject to review under General Municipal Law § 239-m. By its very terms, the challenged law effects a change in the regulations applying to all real property within the Town of Carmel, and necessarily includes that real property which is situated within 500 feet of the boundaries, areas and roadways set forth in the statute. Hence, inasmuch as the local law at issue falls squarely within General Municipal Law § 239-m,

the town's failure to refer it to the County Planning Commission is a jurisdictional defect which renders its enactment invalid *(see, Matter of Old Dock Assocs. v Sullivan,* 150 AD2d 695; *Matter of Asma v Curcione,* 31 AD2d 883).* Moreover, given the fact that the entire law was enacted without jurisdiction, the town's argument, premised on the severability clause found in the challenged law, that only portions of the enactment should be invalidated for noncompliance with the statute, is unpersuasive.

We have considered the town's remaining contention on their appeal and find it to be without merit *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524). In light of the foregoing determination, we do not reach the issues raised by the petitioners. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.