■ In the Matter of SOUTH SHORE AUDUBON SOCIETY, INC., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review three determinations of the Board of Zoning Appeals of the Town of Hempstead, all dated December 7, 1988, which granted certain variances, the petitioner South Shore Audubon Society, Inc., appeals from an

order and judgment (one paper) of the Supreme Court, Nassau County (Kutner, J.), dated May 8, 1990, which dismissed the proceeding as time barred.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determinations are annulled.

The Supreme Court improperly determined that the petitioner was precluded by the applicable Statute of Limitations *(see,* Town Law § 267 [7]) from bringing this proceeding. The Board of Zoning Appeals of the Town of Hempstead granted the variances after only four members of the seven-member Board of Zoning Appeals voted in favor of the application, which decision was contrary to the recommendation of the Nassau County Planning Commission. However, pursuant to General Municipal Law § 239-m, a "majority plus one" vote by the Board of Zoning Appeals was necessary for it to act contrary to the recommendation of the Nassau County Planning Commission; failure to do so constituted a jurisdictional defect *(see, Matter of Foy v Schechter,* 1 NY2d 604, 612; *Matter of Weinstein v Nicosia,* 32 Misc 2d 246, 249-250, *affd* 18 AD2d 881). The Statute of Limitations does not preclude a challenge to the Board's jurisdiction to act *(see, Nager v Incorporated Vil. of Saddle Rock,* 140 Misc 2d 644, *affd* 160 AD2d 785; *Matter of McCartney v Incorporated Vil. of E. Williston,* 149 AD2d 597, 598).

In deciding the Statute of Limitations issue, we also find that because the Board acted without jurisdiction in granting the variances, its determinations are void and without effect *(see, Nager v Incorporated Vil. of Saddle Rock, supra; Matter of McCartney v Incorporated Vil. of E. Williston, supra).* Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.