In the Matter of HOME DEPOT USA, INC., et al., Respondents, v JACK BAUM et al., Appellants, and MOUNT PLEASANT CITIZENS FOR RESPONSIBLE ACTION et al., Intervenors-Appellants. [641 NYS2d 707] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, dated July 14, 1994, which, after a hearing, denied the application of the petitioner Home Depot USA, Inc., for a permit to construct a retail store on certain realty, the appeals by the individuals constituting the Zoning Board of Appeals of the Town of Mount Pleasant and the Building Inspector of the Town and by the intervenors Mount Pleasant Citizens for Responsible Action, C. Powers Taylor, Joseph Kijak, Sr., Kenneth Giustino, and Marie Chiarella are from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered November 2, 1994, which granted the petition, annulled the determination, and held that the proposed use was permitted as a principal use.

Ordered that the appeal of the individuals constituting the Zoning Board of Appeals of the Town of Mount Pleasant and the Building Inspector of the Town is dismissed, without costs or disbursements; and it is further,

Ordered that on the appeal by the intervenors the judgment is reversed, without costs or disbursements, and the matter is remitted for a hearing and new determination consistent herewith.

The municipal parties, consisting of the Building Inspector of the Town of Mount Pleasant and the individuals constituting the Zoning Board of Appeals of the Town of Mount Pleasant, failed to perfect their appeal and have specifically indicated that they do not join in the appeal of the intervenors. Accordingly, the appeal from the judgment by the municipal parties is dismissed (*see,* 22 NYCRR 670.8 [c], [e]).

The petitioner Home Depot USA, Inc. (hereinafter Home Depot), sought a permit to construct a retail store on property owned by the petitioner Keren Limited Partnership. This property borders a highway and is located within the "OB-5" Office Business zoning district in Mount Pleasant. The Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the ZBA) denied the application. Dispositive in this controversy

are two amendments, added in April and May 1980, to the provisions of the Mount Pleasant Zoning Ordinance pertaining to "Permitted Principal Use" and "Permitted Special Use" of property in the "OB-5" zoning district.

The legislative authority of a town may amend zoning regulations only in accordance with the mandatory requirements of Town Law §§ 264 and 265 and Municipal Home Rule Law § 20 (*see*, 1 Anderson, New York Zoning Law and Practice § 4.06 [3d ed]). "[A] zoning ordinance may be adopted only by affirmative vote of a majority of the whole membership of the board" (1 Anderson, New York Zoning Law and Practice § 4.22 [3d ed]; *see*, Municipal Home Rule Law § 20 [1]). If an ordinance is adopted without such a vote, the Board's action would be ultra vires and the Statute of Limitations would not preclude a challenge to the Board's jurisdiction with respect to that act (*see, Matter of South Shore Audubon Socy. v Board of Zoning Appeals*, 185 AD2d 984; *Nager v Incorporated Vil. of Saddle Rock*, 140 Misc 2d 644, *affd* 160 AD2d 785; *Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597).

In this case, the intervenors argue that neither of the subject amendments to the relevant provisions of the Mount Pleasant Zoning Ordinance was legally enacted by the Town Board as the minutes do not reflect the required vote by the Town Board. However, the Supreme Court wholly failed to address this potentially dispositive issue. Since this issue cannot be determined on this record, we reverse the judgment of the Supreme Court and remit this matter for a hearing to determine whether either or both of the amendments were properly enacted. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.