■ In the Matter of HOME DEPOT USA, Inc., et al., Respondents, v JACK BAUM et al., Respondents, and MOUNT PLEASANT CITIZENS FOR RESPONSIBLE ACTION et al., Intervenors-Appellants. [663 NYS2d 73] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, dated July 14, 1994, which, after a hearing, denied the application of the petitioner Home Depot USA, Inc., for a special use permit to construct a retail store on certain property, the intervenors appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered August 7, 1996, which annulled the determination and directed the respondent Zoning Board of Appeals of the Town of Mount Pleasant to issue a special use permit to the petitioners pursuant to 1980 amendments to the Mount Pleasant Zoning Code.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which directed the Zoning Board of Appeals of the Town of Mount Pleasant to issue a special use permit and substituting therefor a provision remitting the matter to the Zoning Board of Appeals of the Town of Mount Pleasant for further proceedings in accordance herewith; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioners sought to use certain real property in the Town of Mount Pleasant (hereinafter the Town) for the construction and operation of a Home Depot retail store. Because the property was zoned as an Office Business District, the petitioners applied to the respondent Zoning Board of Ap-

peals of the Town of Mount Pleasant (hereinafter the ZBA) for a building permit pursuant to, *inter alia*, 1980 amendments to the Mount Pleasant Zoning Code (hereinafter the Zoning Code) which provided as follows:

"Permitted Special Uses

"2. On parcels of 5 acres or more in size having frontage on a state highway, any single principal use as permitted in Item No. 6, Highway retail stores, in Column 2 of the C-RB District, as further regulated by Article IV, § 218-71B."

The code provision incorporated into the amendment provided as follows:

"Free standing highway-oriented retail stores, including but not limited to:

"a. Furniture or antique shops.

"b. Home appliance shops.

"c. Carpet or floor-covering stores.

"d. Automotive accessory stores.

"e. Garden or farm supply and equipment stores.

"f. Other similar retail stores or service establishments servicing the motoring public and usually located along a highway."

After public hearings, the ZBA, in a determination dated July 14, 1994, found that the petitioners' proposed use could not qualify as a permitted special use under the amendments. The ZBA interpreted the amendments as limiting the use of any single store to only one of the enumerated permitted uses. Finding that the proposed Home Depot would be used for more than one of the enumerated permitted uses, the ZBA denied the petitioners a special use permit. The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the ZBA's determination. In a judgment dated November 2, 1994, the Supreme Court annulled the determination and directed the ZBA to issue the special use permit. The intervenors appealed arguing, *inter alia*, that the amendments to the Zoning Code had not been legally enacted. We reversed and remitted the matter to the Supreme Court, Westchester County, for a hearing as to the intervenors' claims and a new determination on the petition (*see, Matter of Home Depot v Baum*, 226 AD2d 725). In the order appealed from, the Supreme Court held, *inter alia*, that the amendments at issue were properly enacted and that the petitioners' proposed store qualified as a permitted special use under those amendments. Accordingly, the court directed the ZBA to issue a special use permit. We now modify.

Based on the evidence presented at the hearing upon remit-

titur, and the presumption of regularity that attends zoning enactments, the permitted special use amendments at issue were properly voted upon by the Town and, therefore, insofar as challenged, properly enacted (*see*, Town Law §§ 264, 265; *Baskin v Zoning Bd. of Appeals*, 40 NY2d 942; *Incorporated Vil. of New Hyde Park v Nuzzi*, 143 AD2d 396; *Town of Union v Pallet Co.*, 50 AD2d 628). The intervenors were properly prohibited from presenting evidence at the hearing as to whether the amendments had been properly published, in that such an argument was not raised in the prior proceedings and was beyond the scope of our remittitur (*see*, *Matter of Home Depot v Baum, supra*). We express no opinion as to the efficacy, availability, or possible effect of any future proceedings to challenge the zoning amendments at issue on these or other grounds.

Further, the Supreme Court properly determined that the ZBA's interpretation of the amendments at issue must be annulled. A Zoning Board's interpretation of its ordinances is entitled to great weight and will not be overturned by the courts unless unreasonable or irrational (*see*, *Matter of Frishman v Schmidt*, 61 NY2d 823). Here, the record contains significant and unrebutted evidence that the amendments at issue were drafted with the intent of preventing so-called "strip malls", rather than multi-use stores such as Home Depot. Indeed, the amendments were originally enacted to permit the use of certain property as a Lloyd's Lumber store. Thus, we agree with the Supreme Court that the ZBA's interpretation of the amendments was unreasonable and irrational. However, as the ZBA failed to otherwise pass on the petitioners' application for a special use permit, the Supreme Court erred in directing the ZBA to issue a special use permit. Rather, the matter is remitted to the ZBA for consideration of the petitioners' application pursuant to the relevant provisions of the Town's Zoning Code (*see, e.g.*, Town of Mount Pleasant Code §§ 218-21 *et seq.*). Miller, J. P., Ritter, Santucci and Florio, JJ., concur.