■ KEVIN MOONEY et al., Respondents, v PCM DEVELOP-MENT COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. S & H INTERIORS, Third-Party Defendant-Appellant; AETNA CASUALTY & SURETY COMPANY et al., Third-Party Defendants-Respondents. [675 NYS2d 316] —In an action to recover damages for personal injuries, etc., the third-party defendant second third-party plaintiff, S & H Interiors, appeals from a resettled order of the Supreme Court, Kings County (Barash, J.), dated March 19, 1998, which denied its motion, *inter alia*, to declare that the second third-party defendants Aetna Casualty & Surety Company and Haylor Freyer & Coon, Inc., were required to assume the defense of and reimburse the costs incurred by the defendants third-party plaintiffs PCM Development Company and The Pyramid Companies in the defense of the main action and for summary judgment dismissing the third-party complaint. By decision and order on motion of this Court dated April 2, 1998, the notice of appeal from the order dated August 8, 1997, was deemed a premature notice of appeal from the resettled order dated March 19, 1998.

Ordered that the resettled order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The injured plaintiff in the main action was an employee of S & H Interiors (hereinafter S & H), which was performing certain construction work pursuant to a contract with PCM Development Company (hereinafter PCM). In an order dated January 29, 1996, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1) and granted that branch of the cross motion of PCM and The Pyramid Companies (hereinafter Pyramid) which was for summary judgment on its third-party causes of action for common-law and contractual indemnification against S & H. While an appeal from that order was pending, S & H commenced a second third-party action against Aetna Casualty & Surety Company, the insurance company that issued its general liability policy, and Haylor Freyer & Coon, Inc., the insurance broker it retained to obtain that policy. Following this Court's affirmance of the Supreme Court's order dated January 29, 1996 (*see, Mooney v PCM Dev. Co.*, 238 AD2d 487), S & H moved, *inter alia*, to declare that the second third-party defendants were required to assume the defense of PCM and Pyramid in the main action and for summary judgment dismissing the third-party complaint.

An appellate court's resolution of an issue on a prior appeal

will be deemed the "law of the case" in the event the same issue is raised on a subsequent appeal (*see, Martin v City of Cohoes*, 37 NY2d 162, 165; *People v Williams*, 188 AD2d 573, 574; *Locilento v Coleman Catholic High School*, 134 AD2d 39, 43). Accordingly, in view of our affirmance of the Supreme Court's prior order finding that PCM and Pyramid were entitled to both common-law and contractual indemnification from S & H, the Supreme Court's denial of that branch of S & H's motion which was for summary judgment dismissing the third-party complaint was proper. Further, the evidentiary showing made by S & H in its moving papers was insufficient to entitle it to the declaratory relief sought therein (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Finally, the court's awarding of costs was not an improvident exercise of its discretion (*see,* CPLR 8106). Miller, J. P., Altman, McGinity and Luciano, JJ., concur.