■ In the Matter of ERNALEX CONSTRUCTION REALTY CORP., Appellant, v CITY OF GLEN COVE et al., Respondents. [681 NYS2d 296] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Planning Board of the City of Glen Cove to approve a site-plan application under the State Environmental Quality Review Act, in which that portion of the proceeding challenging the validity of Glen Cove Municipal Zoning Ordinance § 30.60 was converted into an action for a judgment declaring, *inter alia,* that Glen Cove Municipal Zoning Ordinance § 30.60 is invalid, Ernalex Construction Realty Corp. appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered March 12, 1997, which granted the respondents' motion to dismiss the complaint and denied its cross motion for summary judgment declaring that Glen Cove Municipal Zoning Ordinance § 30.60 is invalid.

Ordered that the order is modified by deleting the provision thereof granting that branch of the respondents' motion which was to dismiss the second cause of action of the complaint and substituting therefor a provision denying that branch of the respondents' motion; as so modified, the order is affirmed, without costs or disbursements, the second cause of action of the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The appellant, Ernalex Construction Realty Corp. (hereinafter Ernalex), seeks to develop a 3.89 acre parcel in the City of Glen Cove (*see, Matter of Ernalex Constr. Realty Corp. v Bellissimo,* 256 AD2d 338 [decided herewith]). A site-plan application was initially submitted to the respondent Planning Board of the City of Glen Cove (hereinafter the Planning Board) in 1986. Thereafter, on September 12, 1989, the City Council of the City of Glen Cove added section 30.60 to its local zoning ordinance. This section, known as the "Hillside Protection Ordinance", substantially restricted development on the parcel.

By a petition pursuant to CPLR article 78, dated September 8, 1995, Ernalex sought, *inter alia,* to compel the Planning Board (1) to complete its review of the site-plan application under the State Environmental Quality Review Act (*see,* ECL art 8 [hereinafter SEQRA]) and (2) to approve the application.

In addition, Ernalex sought a declaration that the Hillside Protection Ordinance was null and void. The Supreme Court (McCabe, J.), remitted the matter to the Planning Board with directions to prepare and file a final environmental impact statement within 45 days. At the same time, the Supreme Court converted that portion of the proceeding challenging the validity of the Hillside Protection Ordinance into a declaratory judgment action (*see,* CPLR 103 [c]). The court determined that the "action was timely in that the proceeding was commenced within the applicable six year period". In order "to develop the fullest record possible, and to clearly delineate and amplify the relevant issues", the court directed Ernalex to serve and file a complaint in the action.

Ernalex subsequently served a complaint stating two causes of action. The first alleged that the Hillside Protection Ordinance was null and void because it was enacted by the respondent Glen Cove City Council without complying with SEQRA. The second cause of action alleged that the ordinance was null and void because it was enacted without proper compliance with General Municipal Law § 239-m. The respondents moved to dismiss the complaint on the ground, *inter alia,* that it was time-barred. The Supreme Court concluded that the challenges to the Hillside Protection Ordinance "should have been brought in a proceeding pursuant to CPLR article 78, which is now time-barred". The court therefore granted the motion and dismissed the complaint as time-barred. We modify and reinstate the second cause of action.

The court, in deciding the motion to dismiss, was bound, under the doctrine of law of the case, by the order of a Justice of coordinate jurisdiction, as to the timeliness of the declaratory judgment action (*see, Martin v City of Cohoes,* 37 NY2d 162, 165; *Mooney v PCM Dev. Co.,* 253 AD2d 454). This Court, however, is not bound by the prior unappealed order made in the Supreme Court (*see, Post v Post,* 141 AD2d 518, 519; *see also, D'Guardia v Piffath,* 180 AD2d 630, 633-634).

The Legislature has declared that "certain classes of zoning and planning actions by a city, town or village * * * be reviewed by the county planning agency for the county in which such municipality is located * * * as an aid in coordinating such zoning actions and planning among municipalities by bringing pertinent inter-community and county-wide considerations to the attention of the aforesaid municipal agencies having jurisdiction" (General Municipal Law § 239-*l*).

The instant complaint alleges that the Hillside Protection Ordinance was of the type required to be referred to the Nas-

sau County Planning Commission and that such referral did not take place (*see*, General Municipal Law § 239-m). The alleged failure to comply with the referral provisions of the statute is not a mere procedural irregularity but is rather a jurisdictional defect involving the validity of a legislative act (*see, Matter of South Shore Audubon Socy. v Board of Zoning Appeals,* 185 AD2d 984, 985; *Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149, 152; *Matter of Burchetta v Town Bd.,* 167 AD2d 339, 341; *Matter of Old Dock Assocs. v Sullivan,* 150 AD2d 695, 697; *Weinstein Enters. v Town of Kent,* 135 AD2d 625; *Matter of Zagoreos v Conklin,* 109 AD2d 281, 286; *see also, Matter of Home Depot USA v Baum,* 226 AD2d 725, 726; *cf., Matter of Voelckers v Guelli,* 58 NY2d 170, 176-177; *Matter of Stankavich v Town of Duanesburg Planning Bd.,* 246 AD2d 891). Since the validity of a legislative act is raised, the issue is reviewable in a declaratory judgment action (*see, Janiak v Town of Greenville,* 203 AD2d 329, 331; *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278). The Supreme Court therefore erroneously determined that the second cause of action was untimely (*see,* CPLR 213 [1]).

However, the first cause of action should be dismissed as time-barred (*see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203; *Matter of A & M Bros. v Waller,* 150 AD2d 563, 564).

The respondents' remaining contentions are without merit (*see, Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958, 959). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.