■ GLEB LEVYKH, Appellant, v JOSEPHINE N. LAURA, Respondent. [711 NYS2d 449] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 13, 1999, which denied his motion for leave to serve and file a supplemental summons and complaint upon the proposed additional defendant Linda Blewitt.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the plaintiff is granted leave to serve a supplemental summons and complaint upon the proposed additional defendant Linda Blewitt.

The plaintiff sought to add the driver of the offending vehicle as an additional party defendant in this action. The motion was opposed by the existing defendant, the owner of the vehicle in question. The Supreme Court properly entertained the motion, even though the proposed additional defendant had not been served with it (*see,* CPLR 1003; *Eastern States Elec. Contrs. v Crow Constr. Co.,* 153 AD2d 522; *Micucci v Franklin Gen. Hosp.,* 136 AD2d 528; 3 Weinstein-Korn-Miller, NY Civ Prac § 1003.07; 3 Carmody-Wait 2d NY Prac § 19:109, at 363; Siegel, NY Prac § 138, at 208 [2d ed]). However, under the circumstances of this case, we find that the validity of any Statute of Limitations' defense which might be raised on behalf of the prospective additional defendant should not be decided at this juncture, and should instead be litigated in the context of a motion to dismiss made by that prospective additional defendant, who, unlike the existing defendant, has a real interest in the outcome. Our determination that the Supreme Court should have granted leave to add the driver of the offending vehicle as a party is thus without prejudice to that additional defendant asserting a Statute of Limitations' defense. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.