OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Headriver, LLC, is a contract vendee for a parcel of real property located in Riverhead, New York, on which it intends to build and operate a Lowes Home Center. Headriver was required to apply to the Town Board to obtain a special use permit because the property was considered a lumber yard. As required, because the property fronted on a country road, the Board referred the application to the Suffolk County Planning Commission for its recommendation. After reviewing the application, the Commission recommended that the special use permit be denied. In order to override the Commission’s recommendation, General Municipal Law § 239-m requires that a super-majority vote be obtained by the Board.
 

 After a public hearing, the Board voted 3-2 to grant the special use permit. Since the statutory super-majority requirement was not satisfied, however, the permit was denied. Headriver brought a CPLR article 78 proceeding claiming that the Board’s determination was arbitrary and capricious because the record established that Headriver met every criterion of the Town Code. The Town Board moved to dismiss the petition for failure
 
 *724
 
 to include the Commission as a necessary party and for failure to state facts sufficient to grant the relief requested. Supreme Court denied the motion. A divided Appellate Division affirmed, concluding that because the Commission’s decision could be overridden by a super-majority vote, the Commission was not a necessary party. The Appellate Division did not reach the merits of the Board’s argument that its actions could not be considered arbitrary and capricious since General Municipal Law § 239-m mandated the denial notwithstanding that a majority of the Board had voted to approve the application. The Appellate Division granted leave to appeal and certified to us the question, “Was the order of this court dated July 21, 2003, properly made?” We answer in the affirmative.
 

 Riverhead Town Code § 108-3E requires that an application for a special use permit be made to the Town Board and that the Board refer the application “to the (Riverhead) Planning Board, which will transmit its recommendations to the Town Board within sixty (60) days of referral.” General Municipal Law § 239-m (2) required the Town Board to refer the proposed action to the Suffolk County Planning Commission and General Municipal Law § 239-m (4) provides that the Commission “shall recommend approval, modification, or disapproval, of the proposed action.” General Municipal Law § 239-m (5) provides:
 

 “If such county planning agency or regional planning council recommends modification or disapproval of a proposed action, the referring body [the local zoning board] shall not act contrary to such recommendation except by a vote of a majority plus one of all members thereof.”
 

 In the case at hand, a super-majority of the Town Board could have voted to override the Planning Commission’s determination and approve the proposed action, but did not do so. As a result, the Town was compelled to disapprove the project, and its action is the final agency action reviewable in an article 78 proceeding (General Municipal Law § 239-m [1] [b]). As the Appellate Division held, the determination of the Planning Commission was merely advisory. The Town Board is thus the proper party in the proceeding. The Town Board’s remaining contentions are without merit.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur in memorandum.
 

 Order affirmed, etc.