■ In the Matter of LAMAR ADVERTISING OF PENN, LLC, et al., Appellants, v JOHN PITMAN, Individually and as Mayor of the Village of Marathon, et al., Respondents. [780 NYS2d 233]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered August 27, 2003 in Cortland County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate a stop work order executed by respondent John Pitman.

In June 2002, petitioner Lamar Advertising of Penn, LLC sought and obtained a building permit from respondent Derek Raimo, the Code Enforcement Officer for the Village of Marathon, Cortland County, to erect a free standing billboard on premises owned by petitioner Sharon Toussaint. The proposed billboard was to be 11 feet high and the pole on which it was to be situated 60 feet tall. On March 31, 2003, after construction of the billboard had begun, respondent John Pitman, Mayor of the Village of Marathon, went to Toussaint's property, which is zoned business, and determined that the proposed construction was in violation of the village zoning ordinance. Consequently, Pitman issued a stop work order directing petitioners to cease construction of the billboard. Petitioners thereafter commenced this CPLR article 78 proceeding seeking to have the stop work order vacated and the building permit declared valid. Supreme Court dismissed the petition and this appeal ensued.

Respondents contend that the proposed billboard exceeds two of the limitations imposed upon such structure by the village zoning ordinance, to wit, those governing height and sign face size. We agree. The relevant height restrictions are found in section B of article XI of the village zoning ordinance entitled "Signs and Billboards." Paragraph 4, entitled "[g]eneral," provides that "[n]o free standing sign shall be [higher] than [25] feet above grade" (par [4] [e]). Paragraph 2, relating to business districts, provides in pertinent part that "in no instance are [signs to be] more than [20] feet above the ground level" (par [2] [c]). Petitioners contend that the two cited paragraphs are ambiguous and, as such, the ambiguity must be construed in their favor.

Initially, we note that where, as here, there are general and specific provisions in the same statute, the specific provisions take precedence over the general (see McKinney's Cons Laws of NY, Book 1, Statutes § 238). However, even assuming, as petitioners claim, that the ordinance is ambiguous, construing it in petitioners' favor nevertheless would limit the proposed

billboard to a height of 25 feet, a height far below that contemplated by petitioners. Moreover, there is nothing ambiguous about those provisions of the ordinance that limit the total sign area of such a billboard to 75 square feet. The proposed sign in question, when completed, would have a total area of 880 square feet.

Finally, petitioners contend that they have acquired a vested right to complete the partially constructed sign. We disagree. There can be no doubt that a permittee may acquire a vested right to complete a structure where substantial work already has been performed in good faith reliance upon a valid building permit (*see e.g. Town of Orangetown v Magee*, 88 NY2d 41, 47 [1996]). However, no such right inures upon an improperly issued permit that purports to allow construction of a structure that violates applicable zoning regulations (*see Incorporated Vil. of Asharoken v Pitassy*, 119 AD2d 404, 416-417 [1986], *lv denied* 69 NY2d 606 [1987]). Accordingly, the judgment of Supreme Court is affirmed.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.