■ In the Matter of EASTPORT ALLIANCE et al., Appellants, v JACKIE LOFARO et al., Respondents. [787 NYS2d 346]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Town of Southampton, both dated May 23, 2002, which, after a hearing, modified and approved a site plan submitted by H.T.L., LLC, and granted H.T.L., LLC, a special wetland permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered February 11, 2003, which, upon an order of the same court dated December 6, 2002, granting the motion of the Planning Board of the Town of Southampton to dismiss the petition for failure to join an indispensable party and denying that branch of the petitioners' cross motion which was for leave to join H.T.L., LLC, as a party respondent, dismissed the petition.

Ordered that judgment is modified, on the law, by deleting the provision thereof dismissing the petition and substituting therefor a provision granting the petition with respect to the second cause of action and dismissing the petition as premature with respect to the other causes of action; as so modified, the judgment is affirmed, without costs or disbursements, the second cause of action is reinstated, the motion is denied, that branch of the cross motion which was for leave to join H.T.L., LLC, as a party respondent is granted with respect to the second cause of action, the order dated December 6, 2002, is modified

accordingly, the determinations of the Planning Board of the Town of Southampton are vacated, and the matter is remitted for a new hearing in accordance with Suffolk County Administrative Code § A14-22 (A) (6) and § A14-24 (A) (6) and thereafter new determinations by the Planning Board of the Town of Southampton.

The respondents, members of the Planning Board of the Town of Southampton (hereinafter the Planning Board), modified and approved a site plan submitted to it by landowner H.T.L., LLC (hereinafter HTL) by a 4-3 vote, and granted HTL a wetland permit by the same margin, allowing HTL to build and operate a catering hall on waterfront property (hereinafter the premises). The petitioners, a civic association and several residents who live near the premises, commenced the instant proceeding pursuant to CPLR article 78 to review the determinations, alleging, inter alia, that the Planning Board failed to refer HTL's applications to the Suffolk County Planning Commission (hereinafter SCPC), and approved the applications without complying with the environmental review provisions of Environmental Conservation Law article 8 and in violation of substantive provisions of local law. The Supreme Court denied that branch of the petitioners' cross motion which was to join HTL as a party respondent during the pendency of the proceeding, and dismissed the petition, finding that HTL was an indispensable party which was not timely joined within the applicable limitations period. We modify the judgment by granting the petition with respect to the second cause of action, which alleges that the Planning Board was without jurisdiction to render the challenged determinations. We also grant that branch of the petitioners' cross motion which was to join HTL as a party respondent, but only with respect to the second cause of action.

The Administrative Code of the County of Suffolk requires the Planning Board to refer land-use applications such as HTL's to the SCPC for review and recommendation (*see* Suffolk County Charter § C14-8 [A] [2]; Suffolk County Administrative Code § A14-22 [A] [6]; § A14-24 [A] [6]; *Matter of Town of Smithtown v Howell,* 31 NY2d 365, 375 [1972]; *Matter of Headriver, LLC v Town Bd. of Town of Riverhead,* 307 AD2d 314 [2003], *affd* 2 NY3d 766 [2004]; *cf.* General Municipal Law § 239-m). Where, as here, the required referral was never made, the Planning Board was without jurisdiction to approve the application (*see Matter of Zelnick v Small,* 268 AD2d 527, 529 [2000]; *Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149, 152 [1992]; *Matter of Old Dock Assoc. v Sullivan,* 150 AD2d 695, 697 [1989]; *see also Matter of Headriver, LLC v Town Bd. of*

*Town of Riverhead, supra; Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead,* 185 AD2d 984, 985 [1992]; *cf. Matter of Ernalex Constr. Realty Corp. v City of Glen Cove,* 256 AD2d 336, 338 [1998]; *Matter of Burchetta v Town Bd. of Town of Carmel,* 167 AD2d 339, 341 [1990]).

Where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action, as ultra vires, is not subject to the 30-day limitations period applicable to review of the site plan, special permit, or other land use determination (*see Matter of Sullivan v Dunn,* 298 AD2d 974, 975 [2002]; *Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead, supra; Matter of Mc-Cartney v Incorporated Vil. of E. Williston,* 149 AD2d 597, 598 [1989]; *Nager v Incorporated Vil. of Saddle Rock,* 140 Misc 2d 644, 646 [1988], *affd* 160 AD2d 785 [1990]; *cf.* Town Law § 274-a [11]; § 274-b [9]). Because the applicable limitations period had yet to expire when the petitioners cross-moved for leave to add HTL as a party respondent, the Supreme Court incorrectly denied that branch of the petitioners' cross motion with respect to the second cause of action (*see* CPLR 1001 [a]; 1003; *Levykh v Laura,* 274 AD2d 418 [2000]; *cf. Matter of Artrip v Incorporated Vil. of Piermont,* 267 AD2d 457 [1999]).

Because the Planning Board's approval was null and void (*see Matter of Old Dock Assoc. v Sullivan, supra*), we remit the matter to the Planning Board for a referral to the SCPC, and a new hearing and determination after the SCPC makes its recommendation (*see Matter of Zelnick v Small, supra; Matter of Ferrari v Town of Penfield Planning Bd., supra; Matter of Old Dock Assoc. v Sullivan, supra;* Suffolk County Administrative Code § A14-22 [A] [6]; § A14-24 [A] [6]). In light of the foregoing, consideration of the causes of action other than the second cause of action is premature.

The petitioners' contention that the Planning Board's determinations were not final is academic, and, in any event, is without merit (*see Matter of Elliot v Boycott,* 293 AD2d 676, 677 [2002]; *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland,* 267 AD2d 742, 744 [1999]). Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.