In the Matter of LAMAR ADVERTISING OF PENN, LLC, et al., Appellants, v VILLAGE OF MARATHON et al., Respondents. [805 NYS2d 495]—

Peters, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered September 14, 2004 in Cortland County, which, inter alia, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Village of Marathon Zoning Board of Appeals denying petitioners' request for an area variance.

In our prior decision affirming Supreme Court's dismissal of petitioners' application to vacate a stop work order (*Matter of Lamar Adv. of Penn, LLC v Pitman*, 9 AD3d 734 [2004]), we reviewed the relevant facts. Petitioner Lamar Advertising of Penn, LLC (hereinafter petitioner) is engaged in the business of outdoor advertising. In June 2002, petitioner obtained a building permit from respondent Village of Marathon to erect a single-poled billboard, with two front placards, on premises owned by petitioner Sharon Toussaint; the billboard is adjacent to a four-lane interstate highway. In April 2003, after construction of the billboard was underway, a stop order was issued because the size and height of the proposed billboard violated the local zoning ordinance.[1]

Petitioners unsuccessfully commenced a CPLR article 78 proceeding to, among other things, have the stop work order vacated (*id.*). Thereafter, petitioners filed an application before respondent Village of Marathon Zoning Board of Appeals (hereinafter ZBA) for an area variance. Following two public hearings, the application was denied. This CPLR article 78 proceeding was commenced. Supreme Court, declining to reach the merits, annulled the determination on jurisdictional grounds by finding that the ZBA's admitted failure to first submit petitioners' application to the Cortland County Planning Board, as required by General Municipal Law § 239-m, was a fatal defect. The court also denied petitioners' request to permit continued erection of the sign pending remand to the ZBA. Petitioners appeal and we affirm.

General Municipal Law § 239-m requires a village to, among other things, refer to its county planning agency certain proposed actions, including "granting of use or area variances" (General Municipal Law § 239-m [3] [a] [v]), which "apply to real property within [500] feet of . . . the right-of-way of any existing or proposed county or state parkway, thruway, expressway, road or highway" (General Municipal Law § 239-m [3] [b] [iii]). Since Supreme Court correctly recognized that a referral was required by the clear terms of the General Municipal Law, it properly annulled the ZBA's determination denying the area variance. Failure to comply with this provision "is not a mere procedural irregularity, but rather . . . a jurisdictional defect involving the validity of a legislative act" (*Matter of Zelnick v Small*, 268 AD2d 527, 529 [2000]; *see Matter of Eastport Alli-*

---

1. The ordinance limits the height to 25 feet. The proposed structure was to be approximately 60 feet high with two 11-foot by 40-foot placards facing travelers going north and south on the highway (*Matter of Lamar Adv. of Penn, LLC v Pitman, supra* at 735).

*ance v Lofaro*, 13 AD3d 527, 528-529 [2004], *lvs dismissed* 5 NY3d 846, 847 [2005]; *Matter of Ernalex Constr. Realty Corp. v City of Glen Cove*, 256 AD2d 336, 338 [1998]).[2]

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. Supreme Court also noted that if there were any truth to the allegations that the ZBA improperly considered material outside of the record, this would be an alternative basis to annul the determination rendered (*see Matter of Hampshire Mgt. Co. v Nadel*, 241 AD2d 496, 497 [1997], *lv denied* 91 NY2d 806 [1998]; *Matter of Stein v Board of Appeals of Town of Islip*, 100 AD2d 590, 590-591 [1984]). Accordingly, we encourage the ZBA to heed Supreme Court's caution.