ELLIOT LASKY et al., Respondents, v TOWN BOARD OF TOWN OF AMHERST, Appellant. (Appeal No. 2.) [871 NYS2d 564]—

Memorandum: Plaintiffs-petitioners (plaintiffs) commenced these hybrid declaratory judgment actions/CPLR article 78 proceedings challenging the enactment of Local Law Nos. 9-2006 and 1-2007 of the Town of Amherst (Town). By Local Law No. 9-2006, defendant-respondent (defendant) amended the Town's Zoning Code to require that all proposed subdivisions with culs-de-sac exceeding 800 feet in length have a second public highway entrance, "except as otherwise approved by the Planning Board." By Local Law No. 1-2007, defendant further amended the Town's Zoning Code by eliminating the Planning Board's discretion to approve a longer street in that type of subdivision. We note at the outset that these are properly only declaratory judgment actions inasmuch as plaintiffs are challenging the validity of legislative enactments (*see Centerville's Concerned Citizens v Town Bd. of Town of Centerville*, 56 AD3d 1129

[2008]), and we conclude that the appeal from the judgment in appeal No. 1 must be dismissed because the local law at issue in appeal No. 2 superseded the local law at issue in appeal No. 1. "[T]he rights of the parties cannot be affected by the determination of [appeal No. 1] and it is therefore moot" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). With respect to the merits of appeal No. 2, we conclude that Supreme Court erred in annulling the local law on the ground that defendant failed to comply with General Municipal Law § 239-m. We thus grant judgment in favor of defendant, declaring that Local Law No. 1-2007 is valid.

We agree with defendant that it did not fail to comply with General Municipal Law § 239-m. Contrary to plaintiffs' contention, defendant was not required to provide the Erie County Division of Planning with 30 days in which to review the proposed amendment to the zoning code before defendant adopted the amendment. Although defendant was required to refer the proposed amendment to the applicable county planning agency for its review before "taking final action" with respect thereto (*see* General Municipal Law § 239-m [2]; *Matter of Lamar Adv. of Penn, LLC v Village of Marathon*, 24 AD3d 1011 [2005]), there is no requirement that the referral be made more than 30 days before the municipality takes action. Rather, the applicable county planning agency is required to report its recommendations to the municipality within 30 days of receipt of the referral and, in the event that it fails to do so, "the referring body may take final action on the proposed action without such report" (§ 239-m [4] [b]). Here, the record establishes that the Erie County Division of Planning reported its approval to defendant before defendant took final action and adopted Local Law No. 1-2007, and thus there was no violation of General Municipal Law § 239-m.

In view of our determination, we need not address defendant's remaining contentions. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.