CITIZENS TO SAVE MINNEWASKA et al., Appellants, v NEW
PALTZ CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, October 20, 1983

APPEARANCES OF COUNSEL

*Oliver & Oliver* (*Lewis B. Oliver, Jr.,* of counsel), for appellants.

*Di Stasi, Moriello & Canino* (*Lewis C. Di Stasi, Jr.,* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Defendant adopted a resolution in 1979 pursuant to section 485 of the Real Property Tax Law to allow tax exemptions for eligible business facilities within the school district. In September, 1981, the Marriott Corporation, which is considering the construction of a 400-room resort hotel and conference center in Ulster County, applied to defendant for an exemption from real property taxes pursuant to article 4-A of the Commerce Law which requires a resolution affirmatively recommending the exemption to the State Job Incentive Board (Commerce Law, § 121, subd 1). On November 17, 1981, one day before a public hearing on the matter was held pursuant to notice as required by subdivision 3 of section 121 of the Commerce Law, defendant received an offer from Marriott offering to pay 25% of what its taxes would have been without the exemption should casino gambling be legalized in New York and were Marriott to institute gambling at its proposed site. No action was taken on that offer at the public meeting of November 18, 1981. Thereafter, on January 5, 1982, again one day before the next scheduled meeting, Marriott submitted an offer to pay 100% of the assessed taxes but such payment would be in lieu of taxes. Marriott's offer was in the form of a written contract which recited, *inter alia*, that it would be binding upon Marriott if defendant adopted as its consideration the required resolution. Defendant thereupon passed a resolution to affirmatively recommend the tax exemption.

Plaintiff commenced this combined declaratory judgment action and CPLR article 78 proceeding alleging that defendant had acted beyond the scope of its authority by contracting to pass such resolution, that the notice of the hearing was inadequate, that the resolution violated ECL article 8, and that the resolution was part of a contract made to depend on a game of chance. Defendant answered and moved to dismiss upon the ground that the complaint-petition failed to state a cause of action and was barred by the Statute of Limitations (CPLR 217). Special Term granted the motion and this appeal by plaintiffs ensued.

■ While Special Term did not address the time limitations issue, we conclude that the article 78 proceeding, commenced May 4, 1982, was within the statutory period since the date of the resolution under attack is January 6, 1982.

Since we agree with Special Term that the public notice of hearing was adequate in that it clearly described the business concern and business facility which was seeking the real property tax exemption as required by subdivision 3 of section 121 of the Commerce Law, we concur in the dismissal of the CPLR article 78 proceeding. There being no defect in the methodology employed by defendant in considering Marriott's offer, no article 78 review is necessary.

■ However, we are of a different view with respect to the declaratory judgment action. If the substance of the contract offered by Marriott and accepted by defendant was the central issue, Special Term would be correct in its conclusion that the contract was based on speculative future events, i.e., the legalization of casino gambling, that cannot present a justiciable controversy and, accordingly, a declaratory judgment should not issue. Here, however, the focus of the dispute is not the substance of the contract, but the authority of defendant to enter into such an agreement and bind itself to pass such a resolution. Here, defendant has already acted in an alleged violation of its authority. The fact that the subject of the breach concerns future events does not render the controversy nonjusticiable (see *New York Public Interest Research Group v Carey*, 42 NY2d 527, 530-531).

Since it is clear that defendant legislated pursuant to the terms of a contract offered by Marriott, the resolution must be declared null and void. In *Church v Town of Islip* (8 NY2d 254), the Court of Appeals stated (p 259) that "All legislation 'by contract' is invalid in the sense that a Legislature cannot bargain away or sell its powers".

The order and judgment should be modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the complaint seeking to declare the resolution recommending a tax exemption null and void, declar-

ing said resolution null and void, and, as so modified, affirmed.

SWEENEY, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order and judgment modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the complaint seeking to declare the resolution recommending a tax exemption null and void, declaring said resolution null and void, and, as so modified, affirmed.