■ In the Matter of LCS REALTY Co., INC., Appellant, v INCORPORATED VILLAGE OF ROSLYN et al., Respondents. [710 NYS2d 605] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Incorporated Village of Roslyn dated July 15, 1997, which adopted a Comprehensive Master Plan and enacted Local Laws, 1997, No. 4 of the Incorporated Village of Roslyn, and an action for a judgment declaring that the Comprehensive Master Plan and Local Laws, 1997, No. 4 of the Incorporated Village of Roslyn are void and unenforceable, the appeal is from a judgment of the Supreme Court, Nassau County (Davis, J.), entered March 17, 1999, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination of the Incorporated Village of Roslyn dated July 15, 1997, is annulled, and it is declared that the Comprehensive Master Plan and Local Laws, 1997, No. 4 of the Incorporated Village of Roslyn are void and unenforceable.

It is undisputed that the respondent, the Incorporated Village of Roslyn (hereinafter the Village), had a duty to comply with the procedural requirements of General Municipal Law § 239-m in order to properly enact its Comprehensive Master Plan and Local Laws, 1997, No. 4 of the Village, which rezoned an area of the Village from commercial to residential. Among other provisions, General Municipal Law § 239-m mandates that the Village refer its proposed planning and zoning actions to the Nassau County Planning Commission (hereinafter NCPC) for review and recommendation (*see,* General Municipal Law § 239-m [2], [3]). Furthermore, the Village was required to submit to the NCPC the "full statement of such proposed action", including "all materials required by and

submitted to the referring body as an application on a proposed action, including a completed environmental assessment form" (General Municipal Law § 239-m [1] [c]). In addition, the General Municipal Law requires that the NCPC "shall have" at least 30 days, after receipt, to consider the materials before making its recommendations, if any (General Municipal Law § 239-m [4] [b]).

After referral by the Village, the NCPC should have been in possession of all of the materials which the Village needed in order to pass a new zoning resolution, including the final version and complete text of the proposed new zoning law and the final generic environmental impact statement. However, it is clear that the NCPC did not have these materials for the requisite 30-day period before the Village acted and adopted the subject zoning law. Under such circumstances, the Village did not comply with General Municipal Law § 239-m and, as a consequence, Local Laws, 1997, No. 4 of the Incorporated Village of Roslyn and the Comprehensive Master Plan were improperly adopted and are void (*see, Matter of Ferrari v Town of Pennfield Planning Bd.,* 181 AD2d 149; *see also, Matter of Ernalex Constr. Realty Corp. v Bellssimo,* 256 AD2d 336).

Contrary to the Village's contention, there were substantial changes between the draft environmental impact statement and the final generic environmental impact statement, and thus new public hearings are warranted (*cf., Caruso v Town of Oyster Bay,* 250 AD2d 639). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.