■ SANDY ANNABI et al., Respondents, v CITY COUNCIL OF THE CITY OF YONKERS et al., Appellants. (Action No. 1.) COUNTY OF WESTCHESTER, Respondent, v CITY OF YONKERS et al., Appellants. (Action No. 2.) [850 NYS2d 625]—

In two related actions, inter alia, for a judgment declaring that General Ordinance No. 12-2005 of the City of Yonkers is invalid, the defendants in both actions, City Council of the City of Yonkers, City Clerk of the City of Yonkers, City of Yonkers, and Philip Amicone, as mayor of the City of Yonkers, appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered May 2, 2006, as, upon converting their motions pursuant to CPLR 3211 to dismiss the complaints in both actions into motions for summary judgment dismissing the complaints, in effect, denied those motions and granted that branch of the cross motion of the plaintiffs in action No. 1 which was for summary judgment declaring that General Ordinance No. 12-2005 of the City of Yonkers is invalid.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

By letters dated August 11, 2004 and July 7, 2005, the Westchester County Planning Board (hereinafter the County Planning Board) advised the City Council of the City of Yonkers of its recommendation that a certain 81.4-acre mixed-use proposed development project should be modified or disapproved for various reasons including, but not limited to, inadequate traffic

measures, conflicts with the County's public policy concerning large-scale retail developments, and the lack of general suitability of the site to accommodate the proposed project. Under these circumstances the Code of the City of Yonkers § 43-167 (C) prohibited the City Council from acting contrary to such recommendations except by vote of a majority plus one.

Subsequently, on November 22, 2005, at a meeting of the City Council, and on the City Council's own motion, an amendment to the Code of the City of Yonkers § 43-167 (C) was adopted which eliminated the majority plus one requirement and substituted a simple majority vote for approval of the project contrary to the County Planning Board's recommendations. The amendment by its terms was effective immediately and was denominated General Ordinance No. 12-2005.

The defendants in these related actions, City Council of the City of Yonkers, City Clerk of the City of Yonkers, City of Yonkers, and Philip Amicone, as mayor of the City of Yonkers, argue that the Supreme Court incorrectly found this general ordinance to be invalid on the ground that such ordinance should have been referred to the County Planning Board for review pursuant to General Municipal Law § 239-m. We disagree.

General Municipal Law § 239-m essentially requires that all zoning actions and amendments affecting real property within 500 feet from the boundary of any city, village, town, or existing or proposed county or state park or road, be referred to the County Planning Board for review. Contrary to the defendants' contention, there is no difficulty in determining whether the challenged law is the type of enactment subject to review under General Municipal Law § 239-m. By its very terms, the challenged law affects a change in the regulations applying to all real property within the City of Yonkers, and necessarily includes that real property which is situated within 500 feet of the boundaries, areas, and roadways set forth in the statute. Hence, inasmuch as the general ordinance at issue falls squarely within General Municipal Law § 239-m, the defendants' failure to refer it to the County Planning Board is a jurisdictional defect which renders its enactment invalid (*see Matter of Burchetta v Town Bd. of Town of Carmel*, 167 AD2d 339, 340-341 [1990]; *Matter of Old Dock Assoc. v Sullivan*, 150 AD2d 695, 697 [1989]; *Matter of Asma v Curcione*, 31 AD2d 883, 884 [1969]).

In view of the foregoing it is unnecessary to address the defendants' remaining contentions. Crane, J.P., Florio and Carni, JJ., concur.

Lifson, J. (dissenting and voting to reverse the order and

judgment insofar as appealed from and to declare that General Ordinance No. 12-2005 is valid with the following memorandum): The facts of this case are not in dispute. A development proposal known as "The Ridge Hill Project," which would necessitate substantial change in the existing land use regulations on the 81.4-acre property in question, was reviewed by the Westchester County Planning Board (hereinafter the County Planning Board). By letters dated August 11, 2004 and July 7, 2005, the County Planning Board recommended that the application for the project either be denied or substantially modified due to concerns about the ability of the various roads nearby to accommodate the traffic that would be generated by the project.

On November 22, 2005 a majority of the City Council of the City of Yonkers (hereinafter the City Council), apparently desirous of approving the various land use modifications necessitated by the development proposal (despite the adverse recommendation of the County Planning Board), yet constrained by existing local laws which required that such approval could only be achieved by the vote of a majority of the City Council plus one (a super majority), attempted to amend the Code of the City of Yonkers § 43-167 (C) (hereinafter the Zoning Code). The City Council, in essence, elected to opt out of the requirement for such a super majority by deleting such requirement from section 43-167 (C) of the Zoning Code. There is no dispute that no public hearing for this amendment took place, nor was the prior approval of the County Planning Board obtained or sought. The amendment to the Zoning Code, known as General Ordinance No. 12-2005, was approved by a simple majority, to wit, 4-3.

Two separate actions were brought, each seeking, inter alia, to declare the amendment to the Zoning Code invalid. These actions were, in effect, joined for trial. The defendants moved to dismiss both actions and the plaintiffs in action No. 1 (hereinafter the plaintiffs) cross-moved for summary judgment declaring that General Ordinance No. 12-2005 is invalid. The Supreme Court denied the defendants' motions and granted the cross motion. This appeal ensued.

The two issues before us are: (1) whether the City Council had the power to act in the fashion that it did in changing the Zoning Code to opt out of the super majority requirement on matters reviewed by the County Planning Board, and (2) whether the City Council could do so in a manner that permitted only limited public input in the process. On both counts I regrettably must disagree with my colleagues in the majority.

Since a strong presumption of validity attaches to the enactment of legislation, a challenger has the burden of proving its

invalidity (*see McMinn v Town of Oyster Bay*, 66 NY2d 544, 549 [1985]; *Matter of Smith v Town of Plattekill*, 13 AD3d 695 [2004]). For the reasons set forth below the plaintiffs failed to sustain that burden.

I concede that the cases requiring review by the County Planning Board prior to effecting a bona fide change in the land use regulations that may attach to a given property are legion. The problem is that in each case cited by the majority, and indeed in all such cases, the change at issue was substantive, i.e., it had a direct and an immediate bearing upon the use of the land in question. The change at issue here is merely procedural and does not require both review by the County Planning Board and the invocation of a super majority to override that recommendation by the County Planning Board.

Initially, General Municipal Law § 239-m (3) (a) (ii) provides broadly for mandatory referral to a county planning board of proposed amendments to any provision of a local zoning code. However, the very next clause restricts that requirement only to instances where the action affects real property within 500 feet of certain enumerated public boundaries or roadways or improvements of a regional nature (*see* General Municipal Law § 239-m [3] [b]). Since the subject amendment is procedural it has no substantive effect as envisioned by the above-cited sections of the General Municipal Law and such restrictions simply do not apply.

Even if that were not the case, this Court on several occasions has held that the strictures of these provisions of the General Municipal Law are not to be applied where, as here, they are superseded by the Westchester County Administrative Code (*see 208 E. 30th St. Corp. v Town of N. Salem*, 88 AD2d 281 [1982]; *Bloom v Town Bd. of Town of Yorktown*, 80 AD2d 823 [1981]). Section 277.61 (1) of the Westchester County Administrative Code specifies that it only applies to certain amendments of a municipality's zoning code and then goes on to limit its power of review to certain instances (all dealing with the change of use of specific property) (*see* Westchester County Administrative Code § 277.61 [2]). Nothing in that section requires referral to the County Planning Board for changes in procedure as further indicated by the information set forth on the County's website. Nor does section 43-165 of the Zoning Code require a referral to the County Planning Board since that section only requires such referral where it is required by General Municipal Law § 239-m or the Westchester County Administrative Code. As set forth above, neither of these two laws so require this referral of a procedural matter for its review.

Therefore, it would appear that there was no requirement that the subject amendment to the Zoning Code be reviewed by the County Planning Board.

Similarly, there was no requirement that a hearing was mandatory prior to the City Council's adoption of the amendment to the procedure to be used in voting on applications for modification of the controlling land use regulations. In granting summary judgment to the plaintiffs, the Supreme Court relied on the provisions of General City Law § 83 which mandate such hearings. However, once again such requirement for a hearing was subject to those instances specified in General City Law § 20 (24) and (25), both of which concern specific land use regulations dealing with lot size, building heights, etc., but not with the voting procedure or other requirements of a procedural nature.

Moreover, the record is clear that the proposed amendment to eliminate the super majority requirement (which would place the City of Yonkers in conformity with most, if not all, the localities in Westchester County) was placed on the agenda for November 22, 2005 (a regularly scheduled meeting date of the City Council) at the prior regularly scheduled meeting of the City Council one week earlier. The record shows that the intentions of the City Council were well publicized. In fact, the plaintiffs concede that on the date the matter came to be considered, over 500 people—the largest number to appear before a City Council meeting—were present to oppose the adoption of the amendment. Thus, there was hardly a lack of adequate notice and one could argue that this circumstance alone was sufficient to comply with the alleged public hearing requirement urged by the plaintiffs.

The foregoing begs the question of whether a public hearing was required prior to the City Council's consideration of the proposed amendment. The record contains an affidavit of the Corporation Counsel for the City of Yonkers who asserts that the amendment was properly handled by the City Council on November 22, 2005. Where, as here, there is an elected executive, there is no requirement for a public hearing prior to the City Council's enactment of a general ordinance. It appears that the City Council fully complied with the requirements of both General City Law § 20 (4) and (5) and Second Class Cities Law § 35. The propriety of the mayor's execution of the ordinance in accordance with General City Law § 20 (5) and Second Class Cities Law § 38 was not addressed below or argued by either party on this appeal and therefore need not be addressed.

For the foregoing reasons, to the extent a justiciable contro-

versy still exists, I believe that the defendants are entitled to a judgment declaring that the City Council properly voted on the nullification of the super majority requirement previously imposed by the Zoning Code. I therefore, respectfully dissent.