■ In the Matter of EMB ENTERPRISES, LLC, Respondent, v TOWN OF RIVERHEAD et al., Appellants. [893 NYS2d 621]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Town Board of the Town of Riverhead dated November 16, 2004, which changed the zoning map of the Town of Riverhead, and in the nature of mandamus to compel the approval of the petitioner's site plan, and action for a judgment declaring that the resolution is invalid, the Town

of Riverhead and the Town Board of the Town of Riverhead appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Burke, J.), dated December 27, 2007, as, upon a decision dated December 4, 2007, granted the petition to the extent of annulling the resolution on the ground that it was violative of the State Environmental Quality Review Act (ECL art 8), and deemed the petitioner's site plan approved subject to its filing and recording.

Ordered that the appeal from so much of the judgment as granted the petition to the extent of annulling the resolution on the ground that it was violative of the State Environmental Quality Review Act (ECL art 8), is dismissed as academic; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof deeming the petitioner's site plan approved subject to its filing and recording, and substituting therefor a provision deeming the petitioner's site plan approved subject to full compliance with the environmental review requirements of the State Environmental Quality Review Act (ECL art 8); as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements.

As the appellants concede, the failure of the Town Board of the Town of Riverhead (hereinafter the Town Board) to comply with the referral requirement of General Municipal Law § 239-m rendered it without jurisdiction to approve the change to the zoning ordinance proposed by the resolution dated November 16, 2004 (see Matter of Eastport Alliance v Lofaro, 13 AD3d 527, 528 [2004]; Matter of Zelnick v Small, 268 AD2d 527, 529 [2000]). Further, the appellants do not contest the Supreme Court's holding that the proposed change to the zoning ordinance conflicts with the provision of the Comprehensive Plan of the Town of Riverhead that "the existing commercial zoning should be retained" in the subject area and, thus, that the resolution violates Town Law §§ 263 and 272-a (11) (a) (see Osiecki v Town of Huntington, 170 AD2d 490, 491 [1991]; cf. Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d 813, 814 [2008]). In light of the invalidity of the proposed change under Town Law §§ 263 and 272-a (11) (a), the appellants' contention that the Supreme Court erred in holding that the resolution also violates the mandate for environmental review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) has been rendered academic.

Upon properly determining that the attempted rezoning of the petitioner's property was invalid, the Supreme Court deemed the petitioner's site plan approved subject to its filing

and recording. The record reflects, however, that the Town Board issued a positive declaration of potentially significant adverse environmental impact pursuant to SEQRA, which was supported by a report of the Town of Riverhead Planning Department identifying such impacts to the land, groundwater, and transportation. As the petitioner's site plan had received all other relevant architectural, building, and engineering approvals prior to the attempted rezoning, the judgment must be modified to deem the petitioner's site plan approved subject to completion of the SEQRA review process and the results of that review (see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347-348 [1996]; Tauber v Village of Spring Val., 56 AD3d 660, 661 [2008]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.