OPINION OF THE COURT
Robert J. Muller, J.
On December 19, 2013, the Common Council of respondent/ defendant City of Plattsburgh enacted Local Law No. P-3 (2013) of the City of Plattsburgh (codified at Code of the City of Plattsburgh ch 200 [Code]), also known as the City of Plattsburgh Mooring Law. The stated purpose of the law “is to regulate the placement, construction and use of moorings in the waters of Lake Champlain adjoining the City . . . to a distance of fifteen hundred (1500) feet from shore ... [in order] to protect the interests of waterfront property owners and the general public” (Code § 200-2). Petitioner/plaintiff Plattsburgh Boat Basin, Inc. (hereinafter petitioner)—which owns and operates a marina along the shore of Lake Champlain in the City of Plattsburgh, Clinton County—subsequently commenced this combined CPLR article 78 proceeding and declaratory judgment action to invalidate the Mooring Law. The City has appeared in opposition to the relief requested, seeking dismissal of the proceeding/action in its entirety.
Petitioner alleges five causes of action: (1) that the City failed to comply with the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) in enacting the Mooring Law; (2) that the Mooring Law constitutes illegal reverse spot zoning; (3) that the City failed to comply with the mandates of General Municipal Law § 239-m (3) (b) in enacting the Mooring Law; (4) that the City was without authority to enact the Mooring Law under Navigation Law § 46-a (2); and (5) that it is exempt from the requirements of the Mooring Law under Code of the City of Plattsburgh § 270-38. Each cause of action will be addressed in seriatim.
*274 With respect to the first cause of action, the City contends that petitioner lacks standing to bring a claim under SEQRA. The court is not persuaded. An owner of property which is the subject of a zoning change need not plead specific environmental harm to challenge the sufficiency of an agency’s efforts to comply with SEQRA (see Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 526-527 [1989]). Here, petitioner has not pleaded specific environmental harm. With that said, however, petitioner undisputedly owns property subject to the Mooring Law. Further, the Mooring Law introduces new requirements such as “ [s] ite plan approval ... to increase the number of moorings at an existing Marina” (Code § 200-5) thus effectuating a zoning change (cf. Matter of Boni Enters., LLC v Zoning Bd. of Appeals of the Town of Clifton Park, 124 AD3d 1052, 1052 [2015]; Matter of Laughlin v Pierce, 121 AD3d 1249, 1250 [2014]). The court therefore finds that petitioner has standing.
Turning now to the merits of this cause of action, the Common Council undertook lead agency status and deemed the enactment of the Mooring Law to be an Unlisted action under SEQRA (see 6 NYCRR 617.6 [a] [1] [iv]; [b] [1]). It then relied on a short environmental assessment form (EAF) to issue a negative declaration of environmental impact (see 6 NYCRR 617.3 [c] [1]; 617.6 [a] [3]). Petitioner contends that the enactment of the Mooring Law is a Type I action requiring a full EAF and, as such, the City failed to comply with SEQRA (see 6 NYCRR 617.4 [b]; 617.6 [a] [2]). Petitioner relies upon 6 NYCRR 617.4 (b) (2), which provides that any action involving “the adoption of changes in the allowable uses within any zoning district, affecting 25 or more acres of the district,” is a Type I action.
In response, the City contends that the Mooring Law does not adopt changes in the allowable uses within a zoning district. The court, however, finds this contention to be without merit. The Mooring Law introduces new requirements for mooring permits, as well as for site plan approval—as discussed above. Further, these requirements affect approximately 920 acres of shoreline in the City. The conclusion that the City failed to comply with SEQRA in enacting the Mooring Law is therefore inescapable and, as such, the Mooring Law must be annulled (see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1379 [2011]; State of New York v Town of Horicon, 46 AD3d 1287, 1290 [2007]).
*275 With respect to the second cause of action, reverse spot zoning occurs where “plaintiffs’ property [is] arbitrarily singled out for different, less favorable treatment than neighboring properties in a manner . . . inconsistent with a well-considered land-use plan” (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 895 [2013], appeal dismissed 23 NY3d 947 [2014], Iv denied 24 NY3d 936 [2014]; see Penn Central Transp. Co. v New York City, 438 US 104, 132 [1978]; Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 9 [2006]). Petitioner contends that it is the only landowner targeted by the Mooring Law and, as such, the law constitutes illegal reverse spot zoning. In this regard, petitioner notes that—with the exception of its marina—the City owns all other property subject to the Mooring Law.
In response, the City contends that the Mooring Law does not constitute reverse spot zoning, as it is wholly consistent with the City’s “comprehensive plan.” Indeed, this plan—adopted in May of 1999—places great emphasis on the conservation and utilization of the Lake Champlain shoreline, recognizing that the City’s “economy is significantly dependent upon the tourism industry in the community particularly along the waterfront.” According to Corporation Counsel for the City, “[u]pon the remediation of [the] waterfront—which contained adjacent historic brown-field sites—it became apparent that [petitioner’s] marina and moorings expansion [had] encroached upon the City’s littoral rights finest,] [with] over a dozen moorings . . . located directly in front of the City’s waterfront property.” Concerned with this encroachment upon the public’s use of the waterfront, the City enacted the Mooring Law to regulate water-based commercial facilities. Under the circumstances, the court finds that the Mooring Law is consistent with a well-considered land-use plan and, as such, does not constitute reverse spot zoning (see Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894-895; Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d at 9-10).
With respect to the third cause of action, General Municipal Law § 239-m (3) (b) (i) and (ii) require the Common Council to refer any proposed local law that applies to real property within 500 feet of “the boundary of any city” or “the boundary of any existing or proposed county or state park or any other recreation area” to the County Planning Board. Here, the Common Council did not refer the Mooring Law to the County Planning Board prior to its enactment. Petitioner thus alleges that *276 the City failed to comply with General Municipal Law § 239-m and was without jurisdiction to enact the law (see Matter of EMB Enters., LLC v Town of Riverhead, 70 AD3d 689, 690 [2010]; Matter of Eastport Alliance v Lofaro, 13 AD3d 527, 528-529 [2004], Iv dismissed 5 NY3d 846, 847 [2005]).
In response, the City contends that the Mooring Law does not apply to real property, but rather to the waters of Lake Champlain. The court finds this contention to be without merit as well. While sections of the Mooring Law apply to the waters of Lake Champlain, other sections expressly apply to real property. For example, section 200-7 (C) (1) states that “[t]he purpose of requiring site plan review is primarily to determine the adequacy of parking, marina waste pump out facilities and trash receptacles” and then proceeds to detail the “parking space requirements for boat slips and moorings” (Code § 200-7 [C] [3] [b]). The Mooring Law clearly applies to real property within 500 feet of the boundary of not only the City but also several parks and recreation areas. The Common Council was therefore required under General Municipal Law § 239-m (3) (b) (i) and (ii) to refer the law to the County Planning Board. As a result of its failure to do so, petitioner is entitled to a declaratory judgment that the City was without jurisdiction to enact the Mooring Law (see Matter of EMB Enters., LLC v Town of Riverhead, 70 AD3d at 690; Matter of Eastport Alliance v Lofaro, 13 AD3d at 528-529).
Turning now to the fourth cause of action, “[w]hen the state owns land under navigable waters in its sovereign capacity, its exclusive authority preempts local land use laws and extends beyond the regulation of navigation ‘to every form of regulation in the public interest’ ” (Matter of Hart Family, LLC v Town of Lake George, 110 AD3d 1278, 1280 [2013], quoting Town of N. Elba v Grimditch, 98 AD3d 183, 188 [2012] [internal quotation marks and citation omitted]; see Town of Carmel v Melchner, 105 AD3d 82, 96-97 [2013]). With that said, delegations in Navigation Law § 46-a allow municipalities to regulate certain aspects of navigation. Navigation Law § 46-a (1) (b) provides as follows:
“The local legislative body of a city . . . may adopt, amend and enforce local laws, rules and regulations not inconsistent with the laws of this state or the United States, with respect to:
“Restricting and regulating the anchoring or mooring of vessels in any waters within or bounding the *277 appropriate city or village to a distance of fifteen hundred feet from the shore.”
Navigation Law § 46-a (2) then provides that the local legislative bodies of certain enumerated municipalities
“may adopt, amend and enforce local laws, rules and regulations not inconsistent with the laws of this state or the United States, with respect to the restriction and regulation of the manner of construction and location of boathouses, moorings and docks in any waters within or bounding the respective municipality to a distance of fifteen hundred feet from the shoreline.”
The State holds title to the lands under Lake Champlain in its sovereign capacity (see Town of N. Elba v Grimditch, 98 AD3d at 188). Petitioner thus contends that the City—which is not one of the municipalities enumerated in Navigation Law § 46-a (2)—exceeded its authority in enacting the Mooring Law, as it pertains to the construction and location of moorings in Lake Champlain.
The City, however, contends that the Mooring Law merely regulates the mooring of vessels, as authorized under Navigation Law § 46-a (1) (b). This analysis simply does not withstand scrutiny. The Mooring Law goes beyond regulating the mooring of vessels—it requires site plan approval for all new marinas and for expansions to existing marinas. It further requires all marinas to have a mooring permit for existing and new moorings, indicating that the application should include
“[a] plan drawn to scale showing the location of existing and proposed moorings in relation to littoral rights lines; the depth of the lakeshore bottom at mooring anchor locations; the required setback distances of moorings from littoral rights lines and between mooring anchors; the location of docks, beaches or other landing areas where moored boats may dock or land dinghies; [and] any required channel or mooring lights.”
The court therefore finds that petitioner is entitled to a declaratory judgment that the City exceeded its authority under Navigation Law § 46-a (2) in enacting the Mooring Law (see Matter of Hart Family, LLC v Town of Lake George, 110 AD3d at 1280-1281).
Finally, inasmuch as the relief requested in petitioner’s first, third and fourth causes of action has been granted, the fifth cause of action is denied as moot.
*278 Briefly, even if the court were to address the merits of this cause of action, it still would be denied. Plattsburgh City Code § 270-38 applies only to preexisting nonconforming uses and petitioner expressly states in its reply papers “that the operation of its marina is likely a conforming use.”
Based upon the foregoing, the court (1) grants the relief requested in the first cause of action and annuls the Mooring Law based upon the City’s failure to comply with SEQRA; (2) denies the relief requested in the second cause of action; (3) grants the relief requested in the third cause of action and declares that the City was without jurisdiction to enact the Mooring Law as a result of its failure to comply with General Municipal Law § 239-m (3) (b); (4) grants the relief requested in the fourth cause of action and declares that the City was without authority to enact the Mooring Law under Navigation Law § 46-a (2); and (5) denies the relief requested in the fifth cause of action as moot.
It is hereby ordered and adjudged that the relief requested in petitioner’s first cause of action is granted and the Mooring Law annulled based upon the City’s failure to comply with SEQRA; and it is further ordered and adjudged that the relief requested in petitioner’s second cause of action is denied; ordered and adjudged that the relief requested in petitioner’s third cause of action is granted and a declaratory judgment issued that the City was without jurisdiction to enact the Mooring Law as a result of its failure to comply with General Municipal Law § 239-m (3) (b); and it is further ordered and adjudged that the relief requested in petitioner’s fourth cause of action is granted and a declaratory judgment issued that the City was without authority to enact the Mooring Law under Navigation Law § 46-a (2); and it is further ordered and adjudged that the relief requested in petitioner’s fifth cause of action is denied as moot.