■ In the Matter of 24 Franklin Ave. R.E. Corp. et al., Respondents, v Thomas Heaship et al., Respondents, and Stephen Malfitano et al., Appellants. [30 NYS3d 695]—

In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring invalid Local Law No. 4 (2007) of the Town/Village of Harrison, the respondents/de-

fendants Stephen Malfitano, Joseph Cannella, Robert Paladino, Thomas Scappaticci, Pat Vetere, and Robert W. Fitzsimmons appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), dated March 24, 2014, which granted the petitioners/plaintiffs' motion for summary judgment declaring invalid Local Law No. 4 (2007) of the Town/Village of Harrison and directing the Building Official of the Town/Village of Harrison to issue certain building permits to the petitioners/plaintiffs, and denied their cross motion for summary judgment dismissing the petition/complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petitioners/plaintiffs' motion which was for summary judgment directing the Building Official of the Town/Village of Harrison to issue certain building permits to the petitioners/plaintiffs, and substituting therefor a provision denying that branch of the motion and remitting the matter to the Planning Board of the Town/Village of Harrison for further proceedings consistent herewith; as so modified, the order is affirmed, without costs or disbursements.

In this hybrid proceeding and action, the petitioners/plaintiffs (hereinafter the plaintiffs) sought, inter alia, a judgment declaring invalid Local Law No. 4 (2007) of the Town/Village of Harrison (hereinafter Local Law No. 4). The plaintiffs own two adjacent parcels of real property within the Town/Village of Harrison (hereinafter the Town). In 2007, the plaintiffs sought to subdivide the two parcels into three parcels, and they received final subdivision approval from the Town Planning Board. That subdivision approval was based on a site map indicating that one of the existing houses on the property was "to remain," while a second existing house would be demolished and replaced by two new two-family homes. The plaintiffs subsequently sought building permits for the construction of three, not two, two-family homes on the combined lots. That use was permitted by the zoning code as it then existed; however, that use was not encompassed by the Planning Board subdivision approval.

In September 2007, the Town Board enacted Local Law No. 4, which amended the zoning code, as relevant, by providing that the construction of only single-family homes would be permitted in the area in which the subject property is located.

The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment declaring invalid Local Law No. 4 based on the failure of the Town Board

to comply with the requirements of General Municipal Law § 239-m. The appellants assert that the Town Board was not required to comply with the mandatory referral requirements of General Municipal Law § 239-m, as that statute was superseded by Westchester County Administrative Code § 277.61 (2) with respect to the referral requirements. As relevant here, General Municipal Law § 239-m provides that a proposed amendment of a zoning ordinance by a town must be referred to the county planning agency if the amendment affects real property located within 500 feet of the boundary of any city, village, or town (see General Municipal Law § 239-m [3] [b] [i]). A town must submit to the county planning agency a "full statement of such proposed action," defined as "all materials required by and submitted to the referring body as an application on a proposed action, including a completed environmental assessment form and all other materials required by [the] referring body" to make a determination of significance pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) (General Municipal Law § 239-m [1] [c]). The county planning agency will then have 30 days to report its recommendations to the referring body (see General Municipal Law § 239-m [4] [b]).

By comparison, Westchester County Administrative Code § 277.61 requires only, as relevant here, that a town must provide to the County Planning Board 10 days notice of any hearing as to a zoning amendment (see Westchester County Administrative Code § 277.61 [2]).

Contrary to the appellants' contention, the cited provision of the Westchester County Administrative Code does not conflict with the referral requirements of General Municipal Law § 239-m. Therefore, Westchester County Administrative Code § 277.61 (2) does not supersede the referral requirements set forth in General Municipal Law § 239-m (see Annabi v City Council of City of Yonkers, 47 AD3d 856, 858 [2008]; cf. 208 E. 30th St. Corp. v Town of N. Salem, 88 AD2d 281, 285-286 [1982]; Bloom v Town Bd. of Town of Yorktown, 80 AD2d 823, 824 [1981]).

Further, the Town does not dispute that it failed to comply with the notice and referral requirements of General Municipal Law § 239-m. This failure constitutes a "jurisdictional defect" rendering the zoning amendment, Local Law No. 4, invalid (Annabi v City Council of City of Yonkers, 47 AD3d at 857; see Matter of Roanoke Sand & Gravel Corp. v Town of Brookhaven, 24 AD3d 783, 785 [2005]).

In light of our determination that Local Law No. 4 was

properly invalidated, we further note that the Town Board, in enacting that local law, failed to comply with the notice provisions of Town Law § 264 (1) and (2). Contrary to the appellants' contention, the record does not show that the notice requirements of Town Law § 264 were inapplicable to Local Law No. 4 (*see generally Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 84 [2007]). Additionally, in enacting Local Law No. 4, the Town Board failed to comply with the requirements of SEQRA as, inter alia, the Town Board failed to prepare and review a complete Environmental Assessment Form prior to the enactment of that law (*see* 6 NYCRR 617.6, 617.7; *see also Matter of Falcon Group Ltd. Liab. Co. v Town/Village of Harrison Planning Bd.*, 131 AD3d 1237, 1240 [2015]; *Tauber v Village of Spring Val.*, 56 AD3d 660 [2008]).

While the Supreme Court properly determined that Local Law No. 4 was invalid, it erred in directing the Town Building Official to issue the building permits to the plaintiffs. The Planning Board's resolution granting the plaintiffs' application for subdivision approval incorporated information submitted by the plaintiffs, including the aforementioned site map indicating that one of the existing houses on the property was "to remain" and that only two new two-family homes were to be constructed. The resolution provided that the approval "authorize[d] only the subdivision activities approved . . . as delineated on the signed and filed Final Subdivision Plat and associated improvements drawings," and that "[a]ny alternation or modification to the Final Subdivision Plat or to the existing or approved facilities and site shall require the review and approval by the Planning Board." Here, as noted, the plaintiffs submitted building permits for construction that was not depicted on the site map submitted to the Planning Board and not encompassed in the subdivision approval resolution.

Further, the negative SEQRA declaration issued by the Planning Board in connection with the subdivision approval was also premised on the documents submitted to the Planning Board by the plaintiffs, including the site plan map showing the planned construction of only two new homes. Moreover, the plaintiffs, in support of their motion, did not submit any evidence showing, prima facie, that their building permit applications and plans complied with all other requirements, such as building code requirements.

Under these circumstances, the Supreme Court erred in directing the Town Building Official to issue the subject building permits to the plaintiffs (*see Matter of EMB Enters., LLC v Town of Riverhead*, 70 AD3d 689, 691 [2010]; *see also Matter of*

*J. Owens Bldg. Co., Inc. v Town of Clarkstown*, 128 AD3d 1067, 1069 [2015]). Consequently, the matter must be remitted to the Planning Board for further proceedings as to any planned subdivision of the subject property. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.