Matter of Calverton Manor, LLC v Town of Riverhead (2018 NY Slip Op 02611)





Matter of Calverton Manor, LLC v Town of Riverhead


2018 NY Slip Op 02611


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-10187
 (Index No. 20338/05)

[*1]In the Matter of Calverton Manor, LLC, appellant,
v
Town of Riverhead, et al., respondents.


Certilman Balin Adler & Hyman LLP, Hauppauge, NY (John M. Wagner of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Jennifer Nigro of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant Town Board of the Town of Riverhead dated April 19, 2005, adopting a resolution enacting Local Law No. 12 (2005) of the Town of Riverhead, which implemented a transfer of development rights law, and an action for a judgment declaring, inter alia, in effect, that the transfer of development rights law is void and unenforceable, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 15, 2014, which denied its motion for summary judgment on the petition/complaint, denied the petition, in effect, dismissed the proceeding, and declared that Local Law No. 12 (2005) of the Town of Riverhead is a legal, constitutional, and valid exercise of the police and zoning powers of the respondent/defendant Town Board of the Town of Riverhead.
ORDERED that the order and judgment is reversed, on the law, with costs, the motion for summary judgment on the petition/complaint is granted, the resolution is annulled, and it is declared that Local Law No. 12 (2005) of the Town of Riverhead is void and unenforceable.
The petitioner/plaintiff (hereinafter the petitioner) submitted a site plan application in 2001 to construct numerous commercial and residential buildings on an undeveloped parcel of land in the respondent/defendant Town of Riverhead (hereinafter the Town). The petitioner worked with officials of the Town to revise the site plan application to bring it into compliance with then-applicable zoning rules. Meanwhile, since 1997, the respondent/defendant Town Board of the Town [*2]of Riverhead (hereinafter the Town Board) had been in the process of developing a new Comprehensive Plan (hereinafter the Comprehensive Plan) for the Town. The "goals and policies" of the Comprehensive Plan included "protect[ing] open space and farmland, while concentrating development" into certain specified areas. The Comprehensive Plan proposed eliminating certain permitted uses on the petitioner's parcel critical to the site plan application. The petitioner submitted its last revised site plan application in September 2003. While that application was still pending, the Town Board adopted the Comprehensive Plan on November 3, 2003.
The petitioner commenced several related hybrid proceedings/actions against the Town and the Town Board (hereinafter together the respondents) in the Supreme Court, Suffolk County. The instant hybrid proceeding/action challenges the Town Board's adoption of Local Law No. 12 (2005), which amended the Town's zoning code to implement the transfer of development rights component of the Comprehensive Plan (hereinafter the TDR law). The TDR law designated the property subject to the petitioner's site plan application as a sending district, meaning that it was an area of land from which development rights were to be transferred to receiving districts (see Town Law § 261-a).
The petitioner moved for summary judgment, arguing, among other things, that the Town Board failed to comply with General Municipal Law § 239-m. The Supreme Court denied the motion, denied the petition, in effect, dismissed the proceeding, and declared that the TDR law is a legal, constitutional, and valid exercise of the police and zoning powers of the Town Board. The petitioner appeals, and we reverse.
"General Municipal Law § 239-m provides that a proposed amendment of a zoning ordinance by a town must be referred to the county planning agency if the amendment affects real property located within 500 feet of the boundary of any city, village, or town" (Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 139 AD3d 742, 744; see General Municipal Law § 239-m[3][b][ii]). That statute requires a town to refer a "full statement" (General Municipal Law § 239-m[1][c]; [4][b]) of its proposed action, which is defined as including "the complete text of the proposed ordinance or local law," to the relevant county planning agency (General Municipal Law § 239-m[1][c]).
Here, the Town Board adopted a resolution on January 19, 2005, in which it directed the Town Clerk to publish a copy of the final draft of the TDR law and notice of a hearing to be held 10 days later regarding the proposal. Around that time, the Town Board attempted to refer the proposed TDR law to the Suffolk County Planning Commission (hereinafter the Planning Commission) in accordance with General Municipal Law § 239-m. The Planning Commission, however, responded by letter dated February 9, 2005, in which it explained that the proposed TDR law would "not be reviewed until the following information is submitted through the offices of the municipal referring agency. Complete revised text of proposed TDR amendment." There is no evidence in the record contradicting the Planning Commission's statement that it never received the text of the proposed TDR law. Consequently, the Town Board failed to refer a "full statement" of its proposed TDR law before enacting it as required under the statute (General Municipal Law § 239-m[1][c]; [4][b]).
The respondents argue that the referral of prior drafts of the TDR law obviated the need for a new referral under General Municipal Law § 239-m. Where changes are made to a proposed action following referral, a new referral is not required if "the particulars of the amendment [*3]were embraced within the original referral" (Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 992; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 678-680). Here, the TDR law as enacted contained substantial modifications that warranted a new referral (see Matter of LCS Realty Co. Inc. v Incorporated Vill. of Roslyn, 273 AD2d 474, 475). Among other things, the final version of the TDR law "hereby" mapped sending and receiving districts and specified the degree to which landowners in receiving districts could exceed density limitations under the program. Prior versions of the TDR law that the Town Board referred to the Planning Commission reserved these details for future consideration. Underscoring the importance of these and other post-referral changes, the Town Board itself declared in the January 19, 2005, resolution that the draft contained "significant modifications to the proposed local law," and prepared a supplemental generic environmental impact statement over the course of next several months to evaluate those changes and other features that were not adequately addressed in connection with the Town's adoption of the Comprehensive Plan (cf. Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152-153).
The Town Board's failure to comply with the referral requirements of General Municipal Law § 239-m constitutes a "jurisdictional defect" (Annabi v City Council of City of Yonkers, 47 AD3d 856, 857; see Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 139 AD3d at 744 Matter of Eastport Alliance v Lofaro, 13 AD3d 527, 528-529; Matter of Zelnick v Small, 268 AD2d 527, 529). The Town Board's adoption of the resolution enacting the TDR law was, therefore, of no effect, and the TDR law is void and unenforceable (see Matter of LCS Realty Co. v Incorporated Vill. of Roslyn, 273 AD2d at 474-475; Matter of Old Dock Assoc. v Sullivan, 150 AD2d 695, 697; see also Matter of Eastport Alliance v Lofaro, 13 AD3d at 528-529).
The parties' remaining contentions are academic in light of our determination (see Matter of EMB Enters., LLC v Town of Riverhead, 70 AD3d 689, 690).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court