Matter of Save Harrison, Inc. v Town/Village of Harrison, NY (2019 NY Slip Op 00444)





Matter of Save Harrison, Inc. v Town/Village of Harrison, NY


2019 NY Slip Op 00444


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-02349
2017-09096
 (Index No. 58503/16)

[*1]In the Matter of Save Harrison, Inc., et al., appellants,
v
Town/Village of Harrison, NY, et al., respondents.


Albert J. Pirro, Jr., White Plains, NY, and Lippes & Lippes, Buffalo, NY (Richard Lippes of counsel), for appellants (one brief filed).
Bond, Schoeneck & King PLLC, Garden City, NY (Richard S. Finkel of counsel), for respondents Town/Village of Harrison, NY, Town/Village of Harrison, NY Planning Board, and Town/Village of Harrison, NY Town Board.
DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, White Plains, NY (Michael J. Schwarz, Lee S. Wiederkehr, Annie E. Kline, and Eric Mandell of counsel), for respondent Lake Street Granite Quarry, Inc.
Zarin & Steinmetz, White Plains, NY (David S. Steinmetz and David J. Cooper of counsel), for respondent Shelter Development, LLC, also known as Brightview Living, Inc.
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated February 22, 2017, and (2) a judgment of the same court dated March 30, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the respondents/defendants which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the first and second causes of action, and for summary judgment dismissing the fourth cause of action and a portion of the fifth cause of action as untimely, and with respect to the sixth, seventh, and ninth causes of action and the remaining portion of the fifth cause of action, making certain declarations in their favor. The judgment, insofar as appealed from, upon the order, in effect, denied the first and second causes of action and dismissed the CPLR article 78 proceeding, dismissed the fourth cause of action and a portion of the fifth cause of action, and made certain declarations in favor of the respondents/defendants with respect to the sixth, seventh, and ninth causes of action and a portion of the fifth cause of action.



DECISION & ORDER
Separate cross motions by the respondents/defendants, inter alia, to dismiss the appeal from the order dated February 22, 2017, on the ground that no appeal lies as of right from the portion of the intermediate order which was entered in the proceeding pursuant to CPLR article 78 and on the further ground that the right of direct appeal from the portions of the intermediate order which concern the declaratory judgment causes of action terminated with the entry of the judgment dated [*2]March 30, 2017. By decision and order on motion of this Court dated September 13, 2017, those branches of the separate cross motions which were to dismiss the appeal from the order dated February 22, 2017, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the separate cross motions and the papers filed in relation thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the separate cross motions which were to dismiss the appeal from the order dated February 22, 2017, are granted; and it is further,
ORDERED that the appeal from the order dated February 22, 2017, is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof declaring that Local Law No. 2-2016 of the Town/Village of Harrison was enacted in accordance with General Municipal Law § 239-m; as so modified, the judgment is affirmed insofar as appealed from, those branches of the separate motions of the respondents/defendants which were for summary judgment with respect to the ninth cause of action declaring that Local Law No. 2-2016 was enacted in accordance with General Municipal Law § 239-m are denied, and the order dated February 22, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the petitioners/plaintiffs.
The subject premises in the Town of Harrison were previously used as a quarry. Litigation related to the quarry's operation was resolved in a December 2014, settlement agreement between the owner of the premises and the Town, whereby the owner would discontinue quarry operations and the Town would entertain an application for approval of a senior living facility on the site. In March 2015, Shelter Development, LLC, also known as Brightview Living, Inc. (hereinafter the applicant), submitted a proposed zoning amendment to the Town Board of the Town of Harrison (hereinafter Town Board) to add a new special exception use for senior living facilities. The applicant further submitted applications to the Town's Planning Board for a special exception use permit, site plan approval, and steep slope and wetlands permits to construct a 160-unit senior living facility on the property. The Town Board referred the rezoning application to the Planning Board, which declared its intent to be the lead agency for review of the zoning amendment and project pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). Following public hearings, the Planning Board recommended the zoning amendment to the Town Board, as required by the Town Code. On April 26, 2016, the Planning Board formally declared itself lead agency and issued a negative declaration pursuant to SEQRA. On May 19, 2016, the Town Board approved the rezoning amendment in Local Law No. 2-2016.
In June 2016, the petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and declaratory judgment action seeking to annul the December 2014 settlement agreement and the Planning Board's lead agency declaration and negative declaration for violations of SEQRA and to declare the settlement agreement and Local Law No. 2-2016 void on numerous grounds. The respondents/defendants (hereinafter the respondents) separately moved to dismiss the CPLR article 78 causes of action and for summary judgment with respect to the declaratory relief causes of action. In an order dated February 22, 2017, the Supreme Court granted most branches of the motions. A judgment dated March 30, 2017, dismissed the article 78 causes of action and awarded summary judgment with respect to the declaratory relief causes of action, making declarations in favor of the respondents. The petitioners appeal from portions of the order and the judgment.
The appeal from so much of the intermediate order as granted those branches of the respondents' motions which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the first and second causes of action must be dismissed because no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline [*3]to grant leave to appeal in light of the entry of a final judgment in this matter. The appeal from the portions of the intermediate order which concern the declaratory judgment causes of action must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
We agree with the Supreme Court's determination that the petitioners' challenges to the December 2014 settlement agreement were untimely (see CPLR 217[1]; Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d 846, 848-849). The SEQRA review of the zoning amendment did not toll the statutory period for the petitioners' challenge to the earlier settlement agreement (see Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d at 848-849). Moreover, the six-year statute of limitations applicable to challenges to the substance of a local law (see CPLR 213[1]) does not apply to administrative determinations which may be reviewed pursuant to CPLR article 78, such as the Town's execution of the December 2014 settlement agreement (see International Paper Co. v Sterling Forest Pollution Control Corp., 105 AD2d 278, 282). Accordingly, we agree with the Supreme Court's determination granting those branches of the respondents' motions which were for summary judgment dismissing, as untimely, the fourth cause of action and that portion of the fifth cause of action which challenged the December 2014 settlement agreement .
The petitioners contend that the Planning Board was not a proper lead agency for the purposes of SEQRA review. We agree with the Supreme Court's determination that this contention was improperly raised before the Supreme Court, since the petitioners did not challenge the designation during the administrative proceeding (see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 550; Aldrich v Pattison, 107 AD2d 258, 268). In any event, since the Planning Board had decision-making authority with respect to aspects of the project, it was a proper lead agency, despite not having final approval over the zoning amendment (see 6 NYCRR 617.2[u]; Matter of Wooster v Queen City Landing, LLC, 150 AD3d 1689, 1691; Matter of Seaboard Contr. & Material v Department of Envtl. Conservation of State of N.Y., 132 AD2d 105, 111; Matter of Citizens Against Sprawl-Mart v City of Niagara Falls, 35 AD3d 1190, 1192). Further, the Planning Board identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination that the action would not have a significant effect on the environment and that, therefore, the preparation of an environmental impact statement was not required (see ECL 8-0109[2]; 6 NYCRR 617.7[a][2]; Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232). Contrary to the petitioners' contention, the Planning Board was not required to consider the cumulative impacts of an unrelated, proposed development of a senior living facility on the campus of the State University of New York at Purchase (see 6 NYCRR 617.7[c][2]; Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 80 NY2d 500, 513-514; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 776; Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow , 292 AD2d 617, 620-621). Accordingly, we agree with the Supreme Court's determination to grant those branches of the respondents' motions which were to dismiss the first and second causes of action, to deny those causes of action, and to dismiss the CPLR article 78 proceeding.
As nothing in the December 2014 settlement agreement committed the Town to a specific course of action with respect to the zoning amendment, Local Law No. 2-2016 did not constitute impermissible contract zoning (see Matter of DePaolo v Town of Ithaca, 258 AD2d 68, 71; cf. Citizens to Save Minnewaska v New Paltz Cent. School Dist., 95 AD2d 532, 534). Further, since Local Law No. 2-2016 was in compliance with the Town's comprehensive plan and was designed to further the interests of the community and not simply those of the applicant, the local law did not constitute impermissible spot zoning (see Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d 755, 760; Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 684; Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d 813, 814). To the extent that the petitioners were aggrieved by the siting requirements of Local Law No. 2-2016 (see Gilchrest Realty Corp. v Village of Great Neck Plaza, 275 App Div 962, 963, affd 300 NY 619), the local law complied with the uniformity requirements of Town Law § 262 (cf. Jackson & Perkins v Martin, 16 [*4]AD2d 1, 8 [Halpern, J., dissenting] revd on dissenting op 12 NY2d 1082; Tupper v City of Syracuse, 93 AD3d 1277, 1281). Accordingly, we agree with the Supreme Court's determination to grant those branches of the respondents' motions which were for summary judgment as to that portion of the fifth cause of action which sought a declaration with respect to Local Law No. 2-2016, and the sixth and seventh causes of action, making such declarations in the respondents' favor.
The petitioners' current contention that Local Law No. 2-2016 is unconstitutional was not presented in the amended petition/complaint and is not properly before this Court on appeal (see State of New York v Defoe Corp., 149 AD3d 889, 890).
However, we conclude that the Supreme Court should not have declared that Local Law No. 2-2016 was enacted in compliance with General Municipal Law § 239-m. General Municipal Law § 239-m(1)(c) required the Town Board to refer a "full statement" of the proposed action to the county planning agency, including "all . . . materials required by such referring body in order to make its determination of significance" pursuant to SEQRA and "the complete text of [the] proposed local rezoning law" (see General Municipal Law § 239-m[4][b]). The failure to refer such matters to the county agency is a procedural defect rendering any subsequent approval by the municipal agency null and void (see Matter of LCS Realty Co. v Incorporated Vil. of Roslyn, 273 AD2d 474, 475; Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152). The documents submitted in support of the subject motions establish that the Town Board referred the initial rezoning application and supporting documents to the county planning agency. Contrary to the petitioners' contention, it was not necessary that the final zoning amendment text be referred to the county agency, since that text did not differ substantially from the draft version which was referred to the county agency (see Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 992; Caruso v Town of Oyster Bay, 250 AD2d 639, 640). However, following the initial submissions to the county planning agency, the applicant submitted numerous environmental studies to the Town, which were required by the Planning Board in order to issue its negative declaration. Pursuant to General Municipal Law § 239-m, the Town was required to refer these documents to the county planning agency for its review (see Matter of LCS Realty Co. v Incorporated Vil. of Roslyn, 273 AD2d at 475; see generally Matter of Batavia First v Town of Batavia, 26 AD3d 840, 842; cf. Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1313). In moving for summary judgment with respect to the ninth cause of action, in effect, declaring that Local Law No. 2-2016 was enacted in compliance with General Municipal Law § 239-m, the respondents failed to establish that these environmental studies were submitted to the county planning agency as required. Accordingly, the Supreme Court should not have awarded summary judgment in the respondents' favor with respect to the ninth cause of action. Since the record also fails to establish that these documents were not submitted to the county planning agency, we decline the petitioners' request, in effect, to search the record and award summary judgment in their favor on the ninth cause of action.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court